FRANKLIN COUNTY *v.* AMERICAN DISINFECTANT CO.*

(Division A. March 25, 1929.)

[121 So. 271. No. 27681.]

*Corpus Juris-Cyc References: Counties, 15CJ, section 107, p. 460, n. 3; section 124, p. 471, n. 18; section 237, p. 545, n. 44.

*V. H. Torrey,* for appellant.

*D. R. McGehee,* for appellee.

SMITH, C. J. The sheriff of Franklin county ordered four hundred dollars worth of disinfectants from the appellee for use in the county jail and courthouse. He attempted to countermand the order for the disinfectants, but the disinfectants were shipped to him by the appellee. He declined to take them out of the depot, whereupon the appellee's agent agreed with the president of the board of supervisors that the sheriff would receive and use the disinfectants, and that they would be paid for by the county in monthly installments. Two or three of these installments were paid, leaving a balance due by the county of two hundred eighty-two dollars and forty cents. The county declined to make any further payments, and this suit was brought against it by the appellee.

The court below declined to grant a request by the appellant for a directed verdict, but directed one for the appellee.

The sheriff was without authority to obligate the county for the payment for this disinfectant, and since the price thereof exceeds one hundred dollars an individual member of the board of supervisors was without authority to contract therefor. Section 1, Laws of 1914, chapter 206 (section 7886, Hemingway's 1927 Code); *American Disinfectant Co.* v. *Oktibbeha County* (Miss.), 110 So. 869.

The appellee invokes chapter 199, Local & Private Laws, passed at the Extraordinary Session of the Mississippi legislature, which provides: "That the board of supervisors of Franklin county, Mississippi, be and are hereby authorized, in their discretion, to pay to the American Disinfectant Company the sum of four hun-

dred dollars for disinfectants bought and used by said county from said company.''

We will assume the validity of this statute, and that the disinfectants there and here are the same.

The appellee's argument is that this statute validates the purchase of the disinfectants, and that the refusal of the board of supervisors to pay therefor was an abuse of the discretion vested by the statute in it.

The statute does not make it mandatory on the county to pay for the disinfectants, but vests discretion so to do absolutely in its board of supervisors, and the determination of the board in the matter is final.

The judgment of the court below will be reversed, and judgment will be rendered here for the appellant.

Reversed, and judgment for the appellant.

*Reversed.*