RUSSELL *v.* COPIAH COUNTY.[*]

(Division A. March 25, 1929.)

[121 So. 133. No. 27801.]

*Corpus Juris-Cyc References: Highways, 29CJ, section 347, p. 606, n. 80.

*M. S. McNeil*, for appellant.

*J. H. Garth, Jr.* and *Wilson & Henley*, for appellee.

*M. S. McNeil,* in reply for appellant.

462

Argued orally by *W. S. Henley,* for appellee.

Cook, J.   The appellant, George W. Russell, a road contractor, filed this suit against Copiah county, seeking to recover a balance of one thousand eight hundred thirty-four dollars and eighty-seven cents alleged to be due him under a two-year contract for working and maintaining the dirt roads of district No. 2 of that county; the amount sued for being the payment alleged to be due under the contract for the last quarter of the second year of the period covered by the contract.   The defendant filed a plea of the general issue, and gave notice thereunder that it would offer proof to show that the contract between the plaintiff and county was void, and that the plaintiff had breached the contract by transferring and assigning it to a nephew of the member of the board of supervisors from said district No. 2 of said county, in violation of the terms of the contract and the laws of the state, and also filed a special plea in recoupment, alleging that previous to that time the plaintiff had been paid the sum of seven thousand five hundred dollars in excess of what he had earned under the terms of the purported contract.

At the conclusion of the evidence offered by the plaintiff, the court below sustained a motion to exclude the

evidence and direct a verdict for the defendant, and from the verdict and judgment entered in pursuance of the peremptory instruction for the defendant, this appeal was prosecuted.

The proof fails to show that the board of supervisors advertised, according to law, for proposals or bids to work and maintain the roads of the district, but, on the 6th day of November, 1925, there was entered on the minutes of the board of supervisors the following order:

"Whereas, bids were opened on this the 6th day of November, 1925, for the working of the dirt roads of distrist No. 2 of Copiah county, and it appearing that G. W. Russell was the lowest and best bidder for working said roads, who bid as follows, to-wit: 'I respectfully submit my bid for maintaining dirt roads in Dist. No. 2 of Copiah county for a period of two years, according to the plans and specifications for sixty dollars ($60) per mile per year.'

"Therefore, it is hereby ordered that the said G. W. Russell be awarded the contract for working the dirt roads of district No. 2 according to the plans and specifications on file, upon his entering into bond in the sum of seven thousand and fifty dollars and entering into a contract for the faithful performance of said award."

After this order was entered by the board of supervisors, a written contract providing, in detail, for working and maintaining the dirt roads of the said district, was prepared and signed by the appellant and the president of the board of supervisors, and a bond for the faithful performance of the contract was executed by the appellant and approved by the president of the board; but this contract was not spread upon the minutes of the board, nor was the bond approved by the board.

There was much testimony offered, bearing upon the question of whether or not the contract was transferred

or assigned, and whether the roads were worked and maintained in accordance with the terms of the contract and the plans and specifications, which were a part thereof; but under our view of this case this testimony is not material to a decision of the question involved. The record fails to show that, in awarding the contract to the appellant, the board of supervisors adjudicated, by any order on its minutes, that advertisement for bids had been made in the manner provided by law—in fact, it is admitted that the minutes of the board of supervisors do not show this jurisdictional fact.

Section 4441, Code 1906 (section 8385, Hemingway's 1927 Code), provides that the board of supervisors "may determine to work the public roads, or some part thereof, by contract, and may thereafter so work the same, letting contracts in such cases as other contracts are let by the board of supervisors," provided that any contract to so work and keep in repair the public roads shall not be made for a shorter time than two years, and the contractors shall execute a bond conditioned accordingly. Since this section requires that such a contract shall be let in the manner that other contracts are let by the board of supervisors, we must look to section 361, Code 1906 (section 4040, Hemingway's 1927 Code), to find the method that must be followed in letting such a contract. This section provides in part as follows:

"All contracts by boards of supervisors for any public work not otherwise specifically provided for, where the amount of the contract shall exceed fifty dollars, shall be made upon at least three weeks' public notice by advertisement in a public newspaper of the county, if there be one, and if not, by posting written or printed notices at the courthouse door and in each supervisor's district of the county, which notice shall distinctly state the thing to be done, and invite sealed proposals, to be filed with the clerk, to do the work, or such contract

may be let out at the door of the courthouse at public outcry, as the board shall direct; and in all cases, before the notice shall be published or posted, the plans and specifications for the work shall be filed with the clerk and there remain; and the board shall award the contract to the lowest bidder, who will comply with the terms imposed by such board, and enter into bond with sufficient sureties, to be approved by the board, in such penalty as may be fixed by such board, but in no case to be less than the contract price, conditioned for the prompt, proper and efficient performance of the contract.''

Section 369, Code 1906 (section 4052, Hemingway's 1927 Code), provides in part as follows:

''A board of supervisors shall not empower or authorize any one or more members of such board, or other person, to let or make contract for the building or erection of public works of any description, or for working public roads, in vacation or during a recess of said board; except in cases of emergency; . . . but all other contracts shall be made and approved by said board in open session; and it shall be the duty of the board of supervisors to accept the lowest responsible bid for the erection or construction of all public buildings, bridges or public works, or for the execution of any other contract; . . . and all contracts made in violation of any of the provisions of law shall be void.''

In the case of *Robb & Chichester* v. *Postal Telegraph & Cable Co.,* 104 Miss. 165, 61 So. 170, 977, it was held that in an order letting a contract for working public roads it was necessary to adjudicate not only that advertisement for bids had been made, but also how the advertisement was made, and that, in the absence of an adjudication on the minutes of the board of supervisors of this necessary jurisdictional fact, the order and contract were void. In that case, the order adjudicated that advertisement for doing the work was made in ac-

cordance with the statute; but it was held that this was insufficient, and that the record of the board touching the matter must also show how the advertisement was made to constitute a sufficient adjudication or finding that the jurisdictional facts existed. In the case at bar, it is conceded that the minutes of the board of supervisors do not show any adjudication of this necessary jurisdictional fact; consequently, under the *Robb case, supra,* the purported contract was manifestly void for this reason, and it will not be necessary to consider the effect of the failure of the board to approve the contractor's bond, or to enter the purported contract on the minutes of the board.

The appellant contends, however, that, if the contract is held to be void, then the county is liable thereunder, for the reason that the board of supervisors ratified the contract by paying all, or practically all, of the previous claims of the appellant for work done on these roads. This contention of the appellant is answered by the cases of *Smith County* v. *Mangum,* 127 Miss. 192, 89 So. 913, and *Amite County* v. *Mills,* 138 Miss. 222, 102 So. 465, 737, and without now deciding whether or not the board of supervisors may ratify a contract with the county which is expressly declared by statute to be void, it is clear that under the doctrine of the *Amite County case, supra,* payments made by the board of supervisors for work done under the void contract will not constitute a ratification of the contract, so as to enable the contractor to recover thereunder.

In the case of *Smith County* v. *Mangum, supra,* it was held that where the purported contract is made under, or comes within the requirements of, the provisions of section 369, Code 1906 (section 4052, Hemingway's 1927 Code), there can be no recovery on an implied contract or *quantum meruit* basis. In the case of *Amite County* v. *Mills, supra,* a contract for the construction and maintenance of a public road was held to be void,

and it was there contended that the contract had been ratified by reason of the fact that the county had acquiesced in the work being done and had made partial payments as the work progressed, thereby creating an implied contract to pay for the work, and that since the county had used the road so constructed, and had recognized the contract through its board of supervisors by making such payments, it could not escape liability by reason of any invalidity in the original contract.

In response to this contention, the court said: "In our opinion this contention cannot be maintained, and this case is controlled on that branch of the litigation by *Smith County v. Mangum*, 127 Miss. 192, 89 So. 913, and the authorities referred to in that case." These cases are controlling here, and therefore the judgment of the court below will be affirmed.

*Affirmed.*