ATTALA COUNTY v. MISSISSIPPI TRACTOR & EQUIPMENT CO.

(Division A. Feb. 23, 1932. Suggestion of Error Overruled Mar. 21, 1932.)

[139 So. 628. No. 29860.]

James T. Crawley, of Kosciusko, for appellant.

**Niles Moseley,** of Jackson, and **D. H. Glass,** of Kosciusko, for appellee.

Argued orally by **Niles Moseley**, for appellant, and by **Jas. T. Crawley**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This appeal is from a judgment for the price of articles the appellee claims to have sold the appellant for the repair of, and use in connection with, road machinery. The account sued on runs over a period of several months, and the various articles are said by the appellee to have been, and we will assume were, purchased by or with the approval of individual members of the board of supervisors.

The statutes (Code 1930, sec. 6064) relied on by the appellee as authorizing the purchases are those which empower members of the board of supervisors to make emergency contracts and expenditures.

An emergency is ''an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; a pressing necessity.'' Webster's New International Dictionary. No such occurrence or combination of circumstances is here shown. The evidence discloses that the articles were purchased when and as needed for, and were necessary for the continued use of, the county's road machinery; but what ''unforeseen occurrence or combination of circumstances'' made it imperatively necessary that the articles be immediately purchased does not appear. The emergency statutes, therefore, have no application here.

But it is said by counsel for the appellee, and we will assume the evidence discloses, that the county received and appropriated the articles, and therefore the appellee is entitled to recover the value thereof without reference to the legality of the purchase. The statute contemplates that purchases by counties shall be made under valid express contracts, and, in the absence thereof, a county cannot be held liable under an implied contract to pay. Smith County v. Mangum, 127 Miss. 192, 89 So. 913; Amite County v. Mills, 138 Miss. 222, 102 So. 465, 737.

The request of the appellant for a directed verdict should have been granted.

Reversed, and judgment here for the appellant.