## Austin-Western Road Machinery Co. *v.* Webster County.

(Division B. May 14, 1934. Suggestion of Error Overruled Sept. 11, 1934.)

[154 So. 723. No. 31245.]

**McClellan & Tubb,** of West Point, for appellant.

A. L. Ford, of Ackerman, and McKeigney & Latham, of Eupora, for appellee.

Griffith, J., delivered the opinion of the court.

This suit is to recover the alleged contract price of certain road machinery furnished by appellant to appellee county. Bids were invited by publication as required by law, and in response thereto appellant's bid was accepted; a contract was attempted to be made therefor and spread on the minutes of the board of supervisors. The machinery was delivered. But the proof of publication had not been filed with the board of supervisors or with the clerk thereof at the time the alleged contract was made; in fact it is not shown that it was ever on file, before or after; and the order of the board, while reciting that publication had been made, was silent upon the

point whether the proof thereof was on file. And as stated, the evidence outside the recitals of the order fails to show whether the proof of publication was in fact ever on file.

In Board of Sup'rs of Lowndes County v. Ottley, 146 Miss. 118, 112 So. 466, Merchants' Bank v. Scott County, 165 Miss. 91, 145 So. 908, and People's Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192, we held that proof of publication must be on file as a jurisdictional prerequisite to enable the board to proceed. These cases followed the principle applied in Oliver v. Baird, 90 Miss. 718, 44 So. 35, wherein it was held that a judgment in attachment was invalid when there was no proof of publication before the court at the time the judgment by default was rendered. It was contended in the Oliver v. Baird case that inasmuch as the publication had actually been made, the absence of the proof thereof before the court at the time of the rendition of the judgment was immaterial, the law being concerned, so it was argued, only in the fact of the publication; and that is exactly the argument made here in urging us to overrule the three cases first above cited. With equal force it could be argued that the fact of the service by the sheriff of a personal summons is that with which the law is concerned, and that therefore a judgment might thereafter be taken although no return of the summons into court has ever been made by the sheriff. Where publication of notice is jurisdictional, as is the case here, the filing of the proof of the publication is the equivalent of a return in writing by the sheriff of a personal summons, and is equally indispensable.

It is to be regretted that parties dealing with these boards will sometimes, on account of procedural oversights, such as this, lose their demands for property furnished to and used by the counties; but we have no legitimate power, in order to prevent hard results in an occasional case, to set aside settled rules based upon sound legal principles.

Affirmed.