FITCH *et al. v.* UPSHAW.

(Division B. Nov. 29, 1937.)

[177 So. 57. No. 32911.]

Lavell Brown, of Starkville, for appellant.

G. **Odie Daniel**, of Starkville, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Oktibbeha county against appellants as trustees of the Maben consolidated school district for a mandamus to force them to issue the necessary authority to pay him the balance claimed to be due him as superintendent and teacher of said school. There being no issue of fact, the case was tried before the judge, who rendered a judgment in favor of appellee, from which judgment appellants prosecute this appeal.

The Maben school is known as a line consolidated school; the school building is situated in Oktibbeha county and the school district is composed of territory in both Oktibbeha and Webster counties. During the scholastic year of 1936-1937 appellee was in charge of the school as superintendent, and taught therein as a "vocational Smith-Hughes" teacher. He claimed to have been selected for those positions by the board of trustees and the superintendent of each county for the term beginning July 1, 1936, and ending June 30, 1937, the salary to be $188 a month. He performed the duties of those positions and received a salary therefor until in the spring of 1937, when the board of trustees refused to further authorize the payment of his salary. At the time he was still in the performance of his duties, and this action was brought while he was so engaged. The refusal to continue to pay the salary was the result of a change in the personnel of the board of trustees.

There was no written signed contract entered into between appellee and the superintendents of education of the counties, fixing the terms of appellee's employment. Appellants' contention is that for that reason appellee's claimed employment was void, and that he is entitled to no compensation for his services although performed.

Section 6587, Code of 1930, provides, among other things in reference to line consolidated schools, that the trustees and teachers of such a school may reside in either county, and that the superintendents must previously agree upon the amount of salary to be paid, and each superintendent must contract with the teacher for a proportionate part of the salary. Section 6610 provides that the contract shall be signed in duplicate, each retaining a copy, and shall set out the name of the school, the position of the teacher, whether principal or assistant, and the monthly salary, and that it shall be unlawful to issue a certificate for services rendered before the contract is made and signed. Section 6611 provides that the salaries of principal and assistant teachers of consolidated school districts having a local levy (the one involved has such a levy) shall be fixed by the trustees and the county superintendents of education.

What was said in Whitehurst v. Smith, 170 Miss. 535, 155 So. 683, is in point in part, although that case is not controlling in full on the questions here involved. The court held that it was an essential prerequisite to the issuance of a pay certificate of a teacher in a consolidated school that such teacher have a legal contract with the superintendent of education; that section 6610, Code of 1930, provided that "it shall be unlawful to issue a certificate for services rendered before the contract is made and signed." One of the outstanding safeguards in the adoption of the school chapter of the Code was to provide for a permanent record covering the employment of school trustees, superintendents, and teachers of the schools, and the expenditure of public funds for school purposes. It was a condition precedent to the liability of the public for appellee's salary that the terms of his employment be evidenced by writing, signed by the parties thereto, as provided by the statute.

We do not reach the question of whether the action of the board of trustees employing appellee at the called

meeting was legal. Conceding its legality, the employment was not completed in the absence of a written contract between the appellee and the superintendent of education. The present case is different from the Whitehurst Case on its facts in that appellee sought to recover earned salary. That makes no difference in law. Liability on the doctrine of quantum meruit has no application to services rendered by a mere volunteer to the state or any of its political subdivisions. The bench and bar are doubtless familiar with several cases decided by this court holding that that doctrine has no application to the counties—that a condition precedent to any liability by the counties was a substantial compliance by the boards of supervisors with the law.

Reversed and judgment here for appellants.