GORDON *v.* TRUSTEES TUSCUMBIA SCHOOL DIST.

(In Banc. March 24, 1941.)

[1 So. (2d) 234. No. 34237.]

Sharp & Sharp, of Booneville, for appellant.

**J. Sidney Finch,** of Booneville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant is the holder of a number of unpaid teachers' certificates, and of some issued for the transportation

of pupils.   It is admitted in the agreed statement of facts that neither the teachers nor the carriers were such under written contracts, as stipulated in the pertinent statutes.

We have already held in Fitch v. Upshaw, 180 Miss. 298, 177 So. 57, that in such a case the teachers' certificates are invalid, and we now hold that certificates issued to a pupil carrier whose contracts are not in writing, are invalid.   The statute, Section 6639(a), expressly requires that these carrier contracts shall be in writing; and the rule in respect to contracts, which in their nature are public, is that "where a particular manner of contracting is prescribed, the manner is the measure of power and must be followed to create a valid contract."   American Book Co. v. Vandiver, 181 Miss. 518, 528, 178 So. 598, 600.

Appellant contends, however, that he is entitled to some sort of relief under Chapter 255, Laws 1936, but that chapter is for the benefit of those who hold valid obligations of school districts, and is not a curative statute in the sense in which appellant seeks to make it applicable here.

Affirmed.