## BEALL *v.* BOARD OF SUPERVISORS, WARREN COUNTY.

(In Banc.   Sept. 22, 1941.)

[3 So (2d) 839.   No. 34652.]

**Wm. I. McKay** and **Leonard E. Nelson,** both of Vicksburg, for appellant.

**Chaney & Culkin** and **Vollor & Teller**, all of Vicksburg, for appellee.

Argued orally by **Leonard E. Nelson,** for appellant, and by **Landman Teller,** for appellee.

**Roberds, J.,** delivered the opinion of the court.

J. J. Ring, then Sheriff of Warren County, ordered a quantity of disinfectant for use in and about the jail and courthouse of that county. The supervisors had not authorized, or attempted to authorize, him to make this purchase. Apparently the disinfectant was used by, or for the benefit of, the county. There were four invoices, all dated April 25, 1936, aggregating $330.76, and due, respectively, July 1, 1936, and monthly thereafter. At the August, 1936, meeting, the supervisors allowed the

invoice due July 1st, amounting to $87.50, which was paid from county funds. At the December meeting, 1936, the supervisors disallowed the other three invoices, aggregating $243.26. The attorney for the supervisors had informed them that in his opinion the claims were not legal obligations against the county and they had no right or power to pay them, because there had been no compliance with the requirements of Section 6064, Code of 1930, in the method of purchasing these supplies. There was no appeal from the disallowance by the supervisors. On August 5, 1938, it appears that Ring himself paid the seller the last three invoices. The record discloses no assignment to Ring of the claims, but no point is made on that in this record.

On March 7, 1940, the following special law was enacted by the Legislature of Mississippi:

"An Act to authorize the board of supervisors of Warren County, Mississippi, to pay to Joseph J. Ring, ex-sheriff of said county, the sum of three hundred thirty dollars and fifty cents ($330.50) to reimburse him for money paid by him to the Chemical Concentration Company, of Memphis, Tennessee.

"Sec. 1. Be It Enacted by the Legislature of the State of Mississippi, That the board of supervisors of Warren County, Mississippi, be, and it is hereby authorized, in its discretion, to pay to Joseph J. Ring, ex-sheriff of said county the sum of three hundred thirty dollars fifty cents ($330.50), as reimbursement for money paid by him to the Chemical Concentration Company, of Memphis, Tennessee, in payment for certain chemical solvents required by federal authorities in order to meet sanitary requirements in the Warren County jail.

"Sec. 2. That this Act take effect and be in force from and after its passage.

"Approved March 7, 1940." Chapter 586, Laws of 1940, Local and Private.

Ring then made out a claim against Warren County "For Bug Killer in jail, 1937, for months of May, June,

July, August, and part of September,—$330.50,'' which claim, at that meeting, the supervisors allow to Ring, the appellant, Beall, as a member of that board, voting against the allowance. Beall, as a supervisor and a taxpayer of the county, appealed from that order to the circuit court. The circuit judge upheld the validity of the order of the supervisors allowing the claim. From that order, Beall appeals to this Court.

Appellant's position is that the special act is invalid and void because (1) it violates Section 87 of the Constitution of Mississippi in that it suspends, for the benefit of Ring, Section 6064, Code of 1930, which is a general law, prescribing the method and manner for purchasing this disinfectant; (2) that this special act undertakes to confer the power on the supervisors to pay a claim not authorized by law, in violation of Section 96 of said Constitution; and (3) that it undertakes to revive a claim which is barred by the Statute of Limitations, in violation of Section 97 of the Constitution.

Under the conclusion we have reached, it is necessary for us to consider Section 87 only. It reads: "No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted."

Section 6064, Code of 1930, is as follows: "Purchase of supplies by municipal, county and school authorities.— All boards of supervisors, boards of school trustees of the common schools and all boards of mayor and aldermen of municipalities shall purchase their supplies for public works, and for public buildings, and for public constructions, upon competitive bids, letting contracts therefor for periods of not more than twelve months in

advance; and no individual member of any such board shall, in any case, purchase any such supplies, nor shall any such board ratify any such purchases made by any individual member thereof or pay for the same out of public funds; provided, that in case of emergency any such purchase, not exceeding one hundred dollars, may be made by an individual member without competitive bidding, after having submitted an itemized statement of the supplies needed to at least two dealers in the supplies sought, and shall purchase from the lowest bidder;. and provided, further, that the individual member so purchasing shall approve the bill presented therefor, certifying in writing thereon to whom such itemized statement was so submitted and the sum bid by the dealers not bought of it.''

Does the said special act suspend that law for the benefit of an individual within the meaning of Section 87 of the Mississippi Constitution?

There appears to be no Mississippi case exactly in point, but there are cases involving related principles of law.

In American Disinfecting Company v. Oktibbeha County, Miss., 110 So. 869, and in Franklin County v. American Disinfectant Company, 153 Miss. 583, 121 So. 271, this Court held that the sheriff had no power or authority to purchase disinfectants for the county, and in the latter case the Court said it mattered not that the president of the board of supervisors had also agreed, along with the sheriff, to make such purchase, where there was no emergency and the price exceeded $100; that Section 6064 must be complied with if there is to be a legal claim against the county. In the Franklin County case, the Legislature had passed a special act, as in the case at bar, undertaking to confer authority on the supervisors to pay the claim, but the validity of the act was not passed upon by the court, for the reason the supervisors refused to allow the claim.

In Universal Motor Company v. Newton County, 158 Miss. 873, 130 So. 791, 792, 131 So. 827, the Court held

that an exchange of road machinery, leaving a balance owing by the county, was illegal and invalid, where there was no advertisement for competitive bids as required by Section 6064. The Legislature had enacted a special act (Chapter 145, Laws 1928) attempting to validate ". . . all proceedings heretofore had and taken . . . to provide for the issuance of any and all bonds, notes, certificates, loan warrants or other obligations . . ." by the counties, various districts thereof, and municipalities of the State; but this Court held that this act did not include the every-day administration of the business affairs of the subdivisions of the state, using this language:

"But it is not within the purpose of this sort of legislation, nor within the moral principle which is thereby expressed, that all irregularities in the everyday administration of the business affairs of these subdivisions of the state shall be thus periodically cured, for the very manifest reason that such a course would in a short time lead to the most unfortunate consequences in its inducements to the conscious and deliberate disregard of those essential requirements of the administrative law without which the general public business cannot be safely conducted." It will be noted that this was a general law.

In Attala County v. Mississippi Tractor & Equipment Company, 162 Miss. 564, 139 So. 628, the claim against the county was for articles sold the county for and used by it in the repair of road machinery, covering a period of several months, and were purchased with the approval of the individual members of the board of supervisors. The Court held, first, that no emergency existed under the facts of that case, and; second, that the fact that the county used the articles did not render it liable, unless Section 6064 was complied with, saying "The statute contemplates that purchases by counties shall be made under valid express contracts, and, in the absence thereof, a county cannot be held liable under an implied contract to pay."

In Austin-Western Road Machinery Company v. Webster County, 170 Miss. 601, 154 So. 723, this Court held invalid a contract of the county to purchase road machinery under Section 6064, because the proof of the advertisement for bids was not on file with the board when the contract was let.

In Board of Supervisors of Warren County v. Cowan and McCabe, 60 Miss. 876, 45 Am. Rep. 453, certain taxpayers of the county engaged Cowan and McCabe as attorneys to resist a tax levy which had been made by the board, agreeing to pay such attorneys ten per cent of the amount of reduction in taxes which might result from their efforts. The reduction aggregated $19,000, and the Legislature passed a special act authorizing and directing the supervisors of that county to pay these attorneys ten per cent of the amount of the saving in taxes. The Court held this special act unconstitutional, not under the section here under consideration, but on the general proposition that while the legal services of such attorneys resulted in a large saving to the taxpayers of the county, they were not strictly rendered on behalf of the county. The case is useful here because of the comments of Judge Campbell, who rendered the opinion of the Court, on the dangers of local acts by the Legislature. He used this language:

"It is far less dangerous to recognize the right of the Legislature to impose burdens that are unlawful on the whole State than to permit an infringement of the rights of sub-divisions of the State. The interest of all affords some safeguard against an improper use of power; but when, by the power of the whole, it is proposed to fasten burdens on a sub-division, the hazard of injustice is increased. What concerns all may secure such attention as to protect against abuse, but particular localities are liable to suffer at the hands of careless or indifferent majorities. The danger is that the representatives of counties not proposed to be affected by a measure may not feel a just interest in what affects only other locali-

ties, and the apprehension that their counties, in their turn, may be made the victims of like impositions is often found to be a too feeble incentive to active resistance to the wrongs proposed to be done to others. The disposition to believe that the evil which befalls others will not come upon us renders us comparatively careless as to the inflictions on others not immediately concerning us. A local measure is more likely to escape discussion and observation in the Legislature than one of general operation.''

Miller v. Tucker, 142 Miss. 146, 105 So. 774, was an action by the State Revenue Agent to collect from the supervisors of Warren County and their bondsmen moneys unlawfully paid out by them. Some of these payments were to objects, laudable in their nature, such as reimbursement of the Young Men's Business Club for expenditures made by it for county agricultural exhibits, but not authorized by law; others, to objects authorized by law but without compliance with statutes as to the manner of payments, such as failure to properly advertise. All six judges were of opinion that the supervisors were personally liable for the expenditures made to unauthorized objects, and the Court was equally divided on such liability for expenditures to duly authorized objects but where the contracts were void because of failure to comply with the manner of incurring the obligation.

Some of the expenditures were to the Kings Daughters for sustaining the poor and the paupers of the county. The supervisors were authorized, and it was their duty, to sustain the paupers of the county, but the statute required those applying for aid to make affidavit as to residence, etc., which had not been done, in this formal manner, to the Kings Daughters, although such persons so aided did, as a matter of fact, come within the class of paupers. The Legislature passed a special act, attempting to ratify this expenditure by the board to the Kings Daughters. Chapter 704, Laws of 1924, 142 Miss. at page 194, 105 So. 774, 784. The Court held that the

Legislature had no power to relieve the supervisors of the personal liability for this expenditure, that this local act violated Section 87 (and other sections) of the Constitution of Mississippi, saying:

"The statute last referred to, is a general law and was a general law at the time of passage of the local private act, and also at the time of making the prohibited allowances, and these sections of the Constitution are violated by the said chapter 704, and it is unconstitutional and void."

The case of Yazoo & M. V. R. Company v. Southern R. Company in Mississippi, 1903, 83 Miss. 746, 36 So. 74, 78, involved the constitutionality of a special act of the Legislature undertaking to authorize the Yazoo & Mississippi Valley Railroad Company to lease or purchase from the Southern Railway Company, and thereafter operate, a parallel and competing railroad line extending from a designated point on the Southern to Webb, Mississippi, a distance of thirty-three miles. There was then a general law making it unlawful for "competing railroad companies operating parallel lines of road within twenty miles of each other to lease or purchase directly or indirectly, the opposing line or any part thereof or any interest therein." Section 3560, Code 1892, amended by Chapter 80, Laws 1898, Sp. Sess. In holding that the special act violated Section 87 of the Constitution of Mississippi, the Court adopted an opinion given the Legislature by Judge J. A. P. Campbell on the validity of this special act, in these words:

"As to the competence of the Legislature to enact a law suspending the operation of section 3560 of the Code in favor of a railroad corporation. That section 3560 of the Code, amended in 1898 (Chapter 80 of the [Sp.] acts of 1898) is a general law is indisputable, and that railroad corporations are private corporations, is clear beyond dispute. I think nothing to the contrary can be found in the books. Section 87 of the Constitution contains this provision, viz.: 'Nor shall the operation of any

486

general law be suspended by the Legislature for the benefit of any individual or private corporation or association.' This is an independent, substantive clause prohibiting the Legislature from suspending the operation of a general law for the benefit of an individual or private corporation or association. It is in the section which prohibits special or local laws where they can be provided for by general law, or relief be given by a court, and where a general law can be made applicable; but it distinctly declares that 'the operation of a general law shall not be suspended for the benefit of any individual or private corporation or association,' and thus specifies the sort of special law prohibited absolutely, and not conditioned on whether a general law can be applicable. This absolute and unconditional prohibition of such a law is not affected by section 89 of the Constitution, and is not subject to it. That section relates to local or private bills, and does not embrace the suspension of a general law for the benefit of an individual or private corporation or association, which particular kind of law is absolutely forbidden by section 87, and therefore cannot be lawfully passed by any sort of procedure. My view is that section 87 declares that special or local laws such as the Legislature may pass, shall not be enacted where a general law would meet the case, or relief can be obtained in court; but a law to suspend the operation of a general law for the benefit of an individual or private corporation or association is absolutely and unconditionally prohibited, and passing it in strict conformity to Section 89 would not make it valid, because that section has reference to local and private bills other than those specifically and by name prohibited. In other words, the local or private bills meant by section 89 are those other than to suspend the operation of a general law for the benefit of an individual or private corporation or association, for such a law is not to be passed at all in any way. It is placed by section 87 beyond legislative power. Like the tree of knowledge of good and evil, it is forbidden

fruit. Section 87 contains three distinct clauses. The first is that 'no special or local laws shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided by a general law, and where the relief sought can be given by any court of the state.' The second is, 'Nor shall the operation of any general law be suspended by the Legislature for the benefit of any individual or private corporation or association.' The third is, 'And in all cases where a general law can be made applicable and would be advantageous, no special law shall be enacted.' The first and third clauses are conditional. The second is absolute and unconditional, and positively inhibits the legislation mentioned in it. Section 89 prescribes the mode of procedure in reference to bills mentioned in the first and third clauses of section 87. A reference to page 212 of Official Journal of the Constitutional Convention of 1890, where section 87, as reported by the committee, as section 49 of its report, will be found, will remove all doubt of the correctness of my analysis of it. It was adopted by the convention as reported. My opinion is that any act of the Legislature to suspend the operation of a general law for the benefit of any individual or private corporation or association will be void, as being directly in the face of the Constitution. The last clause of section 89 prohibits the courts from annulling an act of the Legislature passed in conformity to that section (other than certain excepted cases) because of its local, special, or private nature, but there is no restriction on the courts as to an act to suspend the operation of a general law for the benefit of an individual or private corporation or association. That is left to condemnation because of its unconditional prohibition by the second clause of section 87.''

Turning to Section 6064 itself, it expressly requires such contracts to be let ''upon competitive bids,'' and prohibits any individual member of the board from making such purchases, ''nor shall any such board ratify any such purchases made by any individual member

thereof or pay for the same out of public funds." Section 6064 by its express words and by construction of this Court is mandatory.

Section 6065 immediately following. Section 6064 reads: "Any . . . member of the board of supervisors . . . who shall violate the provisions of this chapter in any respect shall be guilty of a misdemeanor and shall on conviction pay a fine of not exceeding five hundred dollars, or be confined in the county jail not exceeding six months, or both, and shall be removed from his office." The importance, therefore, attached by the Legislature to the compliance with Section 6064 is not only shown by the express words of that section but by making expenditures without compliance therewith a serious crime, with possible heavy fine and imprisonment, and removal from office. These sections are general laws, applying throughout the state and to all counties therein and the supervisors of all counties. They limit and restrict the powers of all boards of supervisors in Mississippi. They control all such boards throughout the State. The Act of March 7, 1940, was a local and private act—local, because it applied only to Warren County; private, because it was alone for the benefit of Mr. Ring. Logically, there is no escape from the conclusion that said special act is a local law for the benefit of one individual in a case which has been provided for by a general law, and the operation of this general law would be suspended for the benefit of an individual.

Appeal is made to us on the ground that since disinfectant was used for the benefit of the county, it should be required to pay for it. The experiences and observations of the writer of this opinion certainly do not render him immune in his feelings to such appeal, but, as was said in the Webster County case, supra [170 Miss. 601, 154 So. 724], ". . . we have no legitimate power, in order to prevent hard results in an occasional case, to set aside settled rules based upon sound legal principles." These statutes were born of experience. Their objects

are to protect the public against wrongdoing, sometimes resulting from private and secret machinations; to secure to it the safeguards and benefits of public competitive bids, both in fairness and prices in contracts and in the paying out by county officials of the public funds. All persons dealing with these officials are chargeable with knowledge of the law and the requirements of the statutes. The seller of this disinfectant knew the sheriff had no power to purchase it; it knew compliance with Section 6064 must be had for the contract to be legal. Mr. Ring, when he ordered the supplies, not only knew this, generally, but when he paid these bills he knew that the supervisors had actually disallowed them a year and a half previously.

The special act violates Section 87 of the Constitution and is therefore illegal and void. It is not necessary for us to pass on the other contentions herein made.

Reversed and judgment rendered here for the appellant.