TULLOS *v.* BOARD. OF SUPERVISORS OF SMITH COUNTY.

In Banc. March 27, 1950.

No. 37427 (45 So. (2d) 349)

**R. S. Tullos** and **J. D. Martin,** for appellant.

E. L. Dent and L. D. Pittman, for appellee.

**Lee, J.**

Holmes Tullos instituted mandamus against the Board of Supervisors of Smith County to compel payment of

three warrants, payable out of the Beat Three Maintenance Fund and alleged to have been owned by him. From a dismissal of the petition, he appeals.

One of the warrants, dated November 22, 1939, was issued to Mississippi Culvert and Machine Company. The other two, dated December 29, 1939, were issued to Dixie Culvert and Metal Company. Upon presentation, payment was refused by the County Depository because there was not sufficient money in the fund.

The orders of the Board allowing the accounts were dated November 22 and December 20, 1939. In the first instance, it was stated that the amounts were for rental on machine and for parts. In the other two instances, the payment was for culverts.

Appellant contends that the warrants were valid, and the orders of the Board, allowing the accounts, constitute judgments against the county.

However, there is nothing in these orders to show the existence of contracts between the Board and the original creditors. On the contrary, the clerk of the board testified that there was nothing in the records or minutes to show a call for bids, the submission of bids, the making of contracts as to any of these items, or whether the rental for the machinery was by the day, week or month. In fact, there were no bills or statements in the record even showing the existence of the accounts. In addition, it was shown that there was not sufficient money in the fund to pay the warrants at the time of issuance. It also appeared that the new board, at its meeting January 1, 1940, attempted to rescind the orders and warrants; and subsequently, in October 1940, ordered these claims and warrants disallowed, and directed the County Depository not to pay them. This suit was not even instituted until September 4, 1946. Holmes Tullos was the Clerk who issued the warrants, though the record does not show that he is the same person as the appellant.

The order of the Board allowing a claim, not the act of the clerk issuing a warrant, must be the founda-

tion of proceedings against the Board. Board of Supervisors of Warren County v. Klein, 51 Miss. 807; Polk v. Tunica County, 52 Miss. 422; Honea v. Board of Supervisors of Monroe County, 63 Miss. 171.

Neither the petition nor the proof showed that the steps necessary to the making of valid contracts had been taken. The orders neither showed nor recited the jurisdictional facts. In Jackson Equipment & Service Co. et al. v. Dunlop et al., 172 Miss. 752, 160 So. 734, this court held that, on a collateral attack, nothing is presumed in favor of a court of limited jurisdiction, but the record must show on its face that such court had jurisdiction. It pointed out, from a long list of authorities, that a board of supervisors, while acting judicially, is a court of special and limited jurisdiction; and, in making contracts, the record must show the necessary conditions to have existed before the judgment can be valid or the contract legal. Board of Supervisors of Jefferson County v. Arrighi, 54 Miss. 668; Cleveland State Bank v. Cotton Exchange Bank, 119 Miss. 868, 81 So. 170.

Affirmed.