COLLE TOWING CO. *v.* HARRISON COUNTY.

Feb. 25, 1952.

No. 38258 (57 So. (2d) 171)

Morse & Morse, for appellant.

444

Jo Drake Arrington, for appellee.

## Hall, J.

The question presented for decision in this case is whether a county is liable in *quantum meruit* for rent on personal property when there is no valid contract with the board of supervisors for such rental.

The case was tried before the circuit judge without a jury upon an agreed statement of facts which discloses the following:

Harrison County is the owner of the d'Iberville Bridge across the Back Bay of Biloxi, a navigable body of water, which bridge is of steel and concrete construction and contains a draw span for the passage of navigation. On

or about June 23, 1939, the piling supporting this draw span sank about eighteen inches, and on the named date the president of the board of supervisors, fearing that the draw span was in danger of falling into the bay, and assuming to act for the board of supervisors, rented two barges from appellant which were placed under and used as temporary supports for the draw span. One was a wooden barge for which there was an agreed rental of $12 per day plus towing charges, and the other was a steel barge for which there was an agreed rental of $15 per day plus towing charges. Subsequently, on August 11, 1939, it was decided that the wooden barge was inadequate, and, on request of the president of the board, appellant substituted a steel barge at an agreed rental of $15 per day plus towing charges. These barges remained under and supported the draw span until about September 11, 1940, when they were released to appellant.

On October 23, 1939, at a special meeting of the board of supervisors, the board undertook by an order entered upon its minutes to ratify the foregoing oral contract. It is conceded that this order is void and that no valid contract was ever made with appellant. From time to time the county made payments to appellant under the oral contract which aggregated approximately $12,250, and, if the county is liable, the balance due is $1,535 which is the amount sued for. In October 1939 and at various other times thereafter appellant orally requested release of the barges but these requests were refused.

On April 7, 1942, appellant brought suit for the said sum of $1,535 and based its right of recovery on the above mentioned minutes of the board of supervisors. For various reasons this suit was continued from term to term until the death of appellant's attorney. Appellant then engaged the services of another attorney who on January 17, 1951, filed an amended declaration consisting only of a second count which adopted all the allegations of the original declaration, averred that the rental claimed was reasonable, and that the county was liable

for the reasonable rental value of the barges in the amount originally claimed. Upon the hearing the trial judge found against appellant and dismissed the suit.

Appellant relies primarily upon the case of Crump v. Board of Supervisors of Colfax County, 52 Miss. 107, and particularly upon the following sentence in the opinion therein: "But since the county enjoyed the use of these five rooms, and such accommodations were necessary, the county is liable for the use and occupation on the principle of the *quantum valebant.*" An examination of that case shows, however, that the quoted sentence is pure dictum and wholly unnecessary for a decision of the question upon which the case was decided. We are pointed to no other decision in this State which follows the quoted statement with reference to liability of a county. Appellant does cite and rely on Independent Paving Company v. City of Bay St. Louis, 5 Cir., 74 F. (2d) 961, Town of Magee v. Mallett, 178 Miss. 629, 174 So. 246, and American-LaFrance, Inc., v. City of Philadelphia, 183 Miss. 207, 184 So. 620, but those cases all involved the question of liability of a municipality. Our laws pertaining to municipalities are so radically different from those governing proceedings of a board of supervisors that the cited decisions are no authority on the question here presented.

It has been repeatedly held in this State that a board of supervisors can contract and render the county liable only by a valid order duly entered upon its minutes, that all persons dealing with a board of supervisors are chargeable with knowledge of this law, that ██ ██ a county is not liable on a *quantum meruit* basis even though it may have made partial payments on a void oral contract, and, moreover, that in such case there is no estoppel against the county. Groton Bridge & Manufacturing Company v. Board of Sup'rs of Warren County, 80 Miss. 214, 31 So. 711; Smith County v. Mangum, 127 Miss. 192, 89 So. 913; Amite County v. Mills, 138 Miss. 222, 102 So. 465, 737; Attala County v. Mississippi Tractor

& Equipment Company, 162 Miss. 564, 139 So. 628; Russell v. Copiah County, 153 Miss. 459, 121 So. 133; Fitch v. Upshaw, 180 Miss. 298, 177 So. 57; Beall v. Board of Supervisors, Warren County, 191 Miss. 470, 3 So. (2d) 839; Tullos v. Board of Supervisors of Smith County, 208 Miss. 705, 45 So. (2d) 349. Numerous other cases supporting these views are cited in the foregoing authorities, and we are of the opinion that the public interest requires adherence thereto, notwithstanding the fact that in some instances the rule may work an apparent injustice. The judgment of the lower court is accordingly affirmed.

Affirmed.

Roberds, Lee, Kyle and Ethridge, JJ., concur.