# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01440-COA

DHEALTHCARE CONSULTANTS, INC.                                    APPELLANT

v.

JEFFERSON COUNTY HOSPITAL                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2015 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SUZANNE GRIGGINS KEYS |
| | CRYSTAL WISE MARTIN |
| | NAKESHA MCQUIRTER WATKINS |
| | RATOYA JANAE GILMER |
| | SHERRY MURIEL FLOWERS |
| | MARTIN D. PERKINS |
| ATTORNEYS FOR APPELLEE: | CARROLL RHODES |
| | DEBORAH MCDONALD |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | JUDGMENT FOR HOSPITAL/DEFENDANT; FOUND CONTRACTS UNENFORCEABLE |
| DISPOSITION: | AFFIRMED - 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is a breach-of-contract case involving a public body and a private entity. The circuit court determined that contracts between Jefferson County Hospital (JCH) and Dhealthcare Consultants Inc. were unenforceable because the terms and conditions of the contracts were not included in the minutes of the JCH Board of Trustees, nor was a copy attached to the minutes. Based on that finding, the circuit court entered a judgment in favor

of JCH on the breach-of-contract claim. Aggrieved, Dhealthcare appeals to this Court asserting the contracts were enforceable. Finding no error, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2.    JCH is a community hospital created pursuant to Mississippi Code Annotated sections 41-13-10 and -29 (Rev. 2013), owned by Jefferson County, and governed by a Board of Trustees (Board). The Board is appointed by the Board of Supervisors of Jefferson County. At the pertinent time, Jerry Kennedy served as the hospital administrator.[1] The Board authorized Kennedy to execute agreements with Dhealthcare for consultation services on August 13, 2008, and again on January 14, 2009.[2] To the best this Court can ascertain, on March 20, 2012, the Board voted to terminate JCH's contracts with Dhealthcare. On May 22, 2012, Dhealthcare filed a breach-of-contract claim against JCH. After a litany of motions and lengthy discovery, a bench trial was held on October 7, 2014, and February 9, 2015. On August 25, 2015, the circuit court issued its findings of fact and conclusions of law in which it found that neither contract was valid or enforceable because there were no terms or conditions of either contract contained within the minutes of the Board. On September 18, 2015, Dhealthcare appealed the circuit court's decision to this Court.

---

[1] Kennedy has since been terminated by JCH as the hospital administrator. He later filed a wrongful-termination suit, along with other claims, in federal court. *See Kennedy v. Jefferson Cty., Miss., ex rel. Bd. of Sup'rs*, No. 5:13-CV-226-DCB-MTP, 2015 WL 4251070 (S.D. Miss. July 13, 2015). Kennedy also had an appeal before this Court dealing with a strikingly similar situation to that asserted by Dhealthcare here. *Kennedy v. Claiborne Cty., Miss., ex rel. Bd. of Sup'rs*, No. 2015-CA-01397-COA, 2017 WL 590041 (Miss. Ct. App. Feb. 14, 2017).

[2] The services offered by Dhealthcare centered around recruiting patients for JCH's inpatient and outpatient psychiatric-treatment programs.

**DISCUSSION**

¶3. We review questions of law de novo. *Humphreys Cty. Mem'l Hosp. v. Griffin*, 170 So. 3d 612, 614 (¶7) (Miss. Ct. App. 2015). Questions of fact stemming from a bench trial are reviewed for whether the trial court's findings of fact are supported by substantial, credible, and reasonable evidence. *City of Jackson v. Presley*, 40 So. 3d 520, 522 (¶9) (Miss. 2010).

¶4. On appeal, Dhealthcare asserts (1) that the contracts are enforceable because, though not spread in the minutes, they were maintained elsewhere for the public to view; (2) that the contracts were valid because the Board knew of the contracts and ratified them; (3) that the doctrine of equitable estoppel applies; and (4) that JCH breached the contracts.

**I.      Whether a contract was sufficiently evidenced on the minutes.**

¶5. The law in Mississippi is well established that public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes. *Wellness Inc. v. Pearl River Cty. Hosp.*, 178 So. 3d 1287, 1290-91 (¶9) (Miss. 2015) (citing *Thompson v. Jones Cty. Cmty. Hosp.*, 352 So. 2d 796, 796 (Miss. 1977)).

¶6. Further, where a public board enters into business with another entity, a contract must be recorded on the official minutes of the board and stated in express terms. *Id*. at 1291 (¶9). However, a contract, though not spread on the minutes in its entirety, may still be enforced "where enough of the terms and conditions of the contract are contained in the minutes for determination of the liabilities and obligations of the contracting parties without the necessity of resorting to other evidence." *Id*. at (¶10). Ultimately, though, it is the responsibility of the non-board-contracting entity to "ensure that the contract is sufficiently spread upon the

minutes of the board." *Id*.

¶7.     This Court recently addressed the issue of a contract not being sufficiently contained in a board's minutes in *Kennedy v. Claiborne Cty. Miss., ex rel. Bd. of Sup'rs*, No. 2015-CA-01397-COA, 2017 WL 590041 (Miss. Ct. App. Feb. 14, 2017). There, the same hospital administrator as in this appeal presented a strikingly similar factual background to the case now before us and asserted claims similar to those asserted by Dhealthcare here. This Court held that the terms and conditions of Kennedy's employment contract were not sufficiently spread in the minutes for the contract to be enforceable. Like in *Kennedy*, upon review of the laws, we hold the same here, upholding the circuit court's dismissal.

### a.     Whether the contracts were attached to the minutes.

¶8.     Dhealthcare first argues that the contracts were attached to the minutes and are therefore enforceable. Dhealtchare asserts that all contracts for the hospital were kept in the contract book in Kennedy's office—also where the minute book was kept—which made them sufficiently available to the public and, thus, sufficiently a part of the minutes. It was conceded that the contracts were never in the minute book or attached to the minutes at any time. However, placing a contract in a book other than the minute book or in a person's office is insufficient to meet the minutes requirement. *See Lange v. City of Batesville*, 972 So. 2d 11, 19 (¶10) (Miss. Ct. App. 2008) ("[T]he action taken will be evidenced by a written memorial entered upon the minutes at the time, and to which all the public may have access to see what was actually done." (quoting *Thompson*, 352 So. 2d at 796)).

¶9.     The trial court considered the storage location of the contracts and concluded that no

4

copy of either contract was attached to the minutes. We find the trial court's finding to be supported by substantial, credible, and reasonable evidence. Thus, we find this issue is without merit.

### b. Whether the minutes sufficiently evidence a contract.

¶10. Here, the Board's minutes contain two references to the contracts at issue. On August 13, 2008, the Board's minutes state:

> Mr. Kennedy recommended the Board of Trustees approve the Contract with Dhealthcare Consultants Incorporated, to provided advertising and recruiting consultation services to the Inpatient Psychiatric Treatment Program. Much discussion followed. Ms. Shirley Ellis motioned that the Board approve and enter into contract agreement with Dhealthcare Consultants, Inc., effective September 1, 2008, and the Board authorize the Administrator to sign the agreement. Seconded by Mr. Willie Hedrick. Motion [d]ebated. All members present voted yes. Motion passed.

On January 14, 2009, the Board's minutes state:

> Rev. Tracy Collins motioned that the Board of Trustees accept, approve, and enter into the Outpatient Psychiatric Program and Inpatient Acute Care Consulting Agreement with Dhealthcare Consultants Incorporated, effective February 2, 2009 and the Board authorizes the Administrator, Mr. Jerry Kennedy[,] to sign the agreement. Seconded by Mr. Willie Hedrick. Motion debated fully. All members present voted yes. Motion passed.

In the instant case, the minutes from the Board's meetings do not set forth a single term or condition establishing any liabilities or obligations of either party, any amount to be paid, or any actual services to be performed, nor is either contract spread across any public roll.

¶11. In support, Dhealthcare cites six cases in which the court found a contract was sufficiently evidenced in the minutes. *Cheatham v. Smith*, 229 Miss. 803, 92 So. 2d 203 (1957) (superseded by statute); *Stokes v. Newell*, 174 Miss. 629, 165 So. 542 (1936); *Dixon*

5

*v. Green Cty.*, 76 Miss. 794, 25 So. 665 (1899); *Marion Cty. v. Foxworth*, 83 Miss. 677, 36 So. 36 (1903); *Griffin*, 170 So. 3d 612; *Cmty. Extended Care Ctrs. Inc. v. Bd. of Sup'rs of Humphreys Cty.*, 756 So. 2d 798 (Miss. Ct. App. 1999). In all of the cases cited by Dhealthcare, there was more recorded in the minutes or in the public record than there is in the case before us. As such, we find none of them to be persuasive.

¶12.    Therefore, without more than two entries stating only that the Board authorized Kennedy to enter into contracts with Dhealthcare, we cannot find that the contracts are legally enforceable. Thus, we find this issue is without merit.

### II.    Whether equitable estoppel applies.

¶13.    Dhealthcare further asserts that the trial court should have applied the doctrine of equitable estoppel. But in Mississippi there is no estoppel against a public body unless a valid contract is duly entered upon the minutes, which binds that public body. *Butler v. Bd. of Sup'rs for Hinds Cty.*, 659 So. 2d 578, 582 (Miss. 1995) (quoting *Colle Towing Co. v. Harrison Cty.*, 213 Miss. 442, 57 So. 2d 171, 172-73 (1952)). Strict adherence to having a writing placed on the minutes in order to bind a public body is a longstanding policy. *See Bridges & Hill v. Bd. of Sup'rs of Clay Cty.*, 58 Miss. 817, 820 (1881). Here, there is no writing upon the minutes binding the Board to Dhealthcare. Thus, we find this issue is without merit. Thus after finding as above, neither the circuit court nor this appellate court has a valid contract to enforce. That issue is also without merit.

### CONCLUSION

¶14.    We affirm the circuit court's judgment finding that there was not a valid or

6

enforceable contract between Dhealthcare and JCH.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.**