J. W. CRUMP VS. BOARD OF SUPERVISORS OF COLFAX COUNTY.

1. APPEAL FROM BOARD OF SUPERVISORS: *Code of 1871, §§ 410, 411.*
   The code of 1871, §§ 410 and 411, gives the appeal or writ of error to any party to a judgment or decree of any inferior tribunal. Where an appeal is prosecuted from the decision of the board of supervisors to the circuit court, and there decided, the party aggrieved may take his writ of error to this court.

2. BOARD OF SUPERVISORS: *Power to rent offices. Code of 1871, § 1370.*
   This section gives to the board of supervisors express power to erect court houses, jails, etc., and, when necessary, to provide some suitable building, etc. But the board cannot bind the county by any express contract unless its

consent thereto is manifested by its official acts, entered in term time on its minutes. A verbal contract by the board, or authority given verbally to the sheriff, to rent offices for the accommodation of county officials, will not bind the county upon an express contract; but if the county, by the verbal action or contract, use the property of another, it will be bound, as by an implied contract, upon the principle of *quantum valebat*.

3. COUNTY WARRANTS: *Value thereof. Payment of debt against the county. Code of 1871, § 1382.*

Where a claim is presented against the county the board of supervisors cannot order the issuance of a warrant in payment thereof for a larger sum than the amount due, "dollar for dollar," notwithstanding the depreciation in the value of the county warrants.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

A very full statement of the case will be found in the opinion of the court.

It is assigned for error:

1. That the court erred in affirming the judgment of the court below in this cause.

2. That the court erred in the law of this case as presented by the bill of exceptions therein.

*R. C. Beckett,* for plaintiff in error:

An appeal will lie in this case. Statute of H. & H., p. 453; Yallabusha County *v.* Carbry, 3 S. & M., 529; Dismukes et al. *v.* Stone, 41 Miss., 431; Adams & Speed *v.* Arthur, 49 Miss., 404; Code, 1848, p. 712; Code, 1857, p. 419, art. 33; Code, 1871, § 1383. There is a general appeal to the high court. Code, 1871, § 410.

The right of appeal or writ of error has always been recognized under all the statutes, except where prohibited under the Code of 1857, p. 419, art. 33. Ross *v.* Lane, 3 S. & M., 695; Yallabusha County *v.* Carbry, 3 S. & M., 529; Attala County *v.* Grant, 9 S. & M., 77; Carroll *v.* Tishomingo County, 28 Miss., 38; Dismukes *v.* Stone, 41 Miss., 431; Beaman *v.* Leake County, 42 Miss., 237.

As to the contract and the ratification of it, see 1 Pars. on Con. (5th ed.), 49–52; Taylor & Myers *v.* Conner, 41 Miss., 725, 726; Plant. Bk. *v.* Sharp, 6 S. & M., 647.

The sheriff and board of supervisors had the power to con-tract for the rent of the offices.   Code, 1871, § 1370.   The clerk shall keep his office at the court house.   Code, 1871,. § 313.

*G. E. Harris*, Attorney General, for defendant in error :

The contract by the sheriff of Colfax county with plaintiff in. error was for the rent of the offices at $65 per month, and I submit that the debt has been fully paid off and discharged. The offices were occupied about eight months and nine days. The county paid him $500 in a county warrant, and again the further sum of $35.   But he claims that the county warrants were worth only 60 cents on the dollar, and that, therefore, the warrant for $500 was worth only $300.   The county is entitled to a credit for the full amount ($500), and upon this proposi-tion the case must turn.   The county cannot issue a warrant. for a larger sum than the amount due, dollar for dollar (Code of 1871, § 1383), and I risk the whole issue upon this proposi-tion.

SIMRALL, C. J., delivered the opinion of the court.

J. W. Crump appealed from the order of the board of super-visors of Colfax county to the circuit court.   That court coin-cided in opinion with the board, and he has brought his case to. this court.

He presented a claim against Colfax county for a balance of $610.   Of this sum the board allowed him $35.   The prelim-inary exception is taken to the jurisdiction of this court.   The Code of 1871 is silent on the subject of appeals in cases like this.   The act of 2d of March, 1833, organizing the board of police, allowed appeals to the circuit court, but is silent as to the further removal of the cause to this court.   The Code of 1871, §§ 410, 411, gives the appeal or writ of error to any party, plaintiff or defendant to any judgment or decree of any inferior tribunal, desiring to have such judgment reviewed.   The orig-inals of these sections have been construed to mean only final judgments or decrees.   They give the right in all cases, with-

out restriction as to the character of the litigation or the amount of the judgment or decree. Other sections of the statute impose limitations. In cases originating in the court of a justice of the peace an appeal from the circuit court is allowed where the sum in controversy exceeds $50, " as in cases originating in the circuit court." The Code of 1857, p. 419, art. 33, made the decision of the circuit court *final*. That feature was not in the act of 1833, nor is it in the existing statutes. We are of opinion that either party aggrieved may have an appeal or writ of error to this court.

On the merits the case is as follows : The board of supervisors verbally authorized Shattuck, the sheriff, to rent five rooms on the upper floor of Crump's brick building, in the town of West Point, for the accommodation of the county officers. The court house being in the course of erection, it became necessary, until it was finished, to make temporary provision for these officers. Express power is given the board to erect court houses, jails, etc., and, when necessary, to provide some suitable building (§ 1370). It is made the duty of the clerk of the board to keep and preserve a complete and correct record of all its orders and proceedings (§ 1361). It would seem to be manifest, therefore, that whatever action is taken on any subject whatever must be evidenced by an entry on its records.

It can only enter into an express contract by its assent thereto, in some form or other, entered on its minutes. It may appoint the sheriff or any person, on its behalf (in case of need), to procure suitable rooms for the county officers. It may give the general power to lease premises, or it may reserve to itself the right to approve or reject any contract made on behalf of the county. The board is the official organ of the county, and cannot be bound by any express contract unless its consent thereto is manifested by its official acts, in term time, entered on its records. It cannot impart verbal authority to the sheriff or any other person to contract for the county. The written obligation of the sheriff to Crump did not bind the county as a party to that contract, because there was not competent

authority given by the board in the first instance, and there has been no subsequent ratification.

But since the county enjoyed the use of these five rooms, and such accommodations were necessary, the county is liable for the use and occupation on the principle of the *quantum valebat*.

Assuming that the rent agreed to be paid by the sheriff was the fair value, viz., $65 per month, the county would be responsible at that rate for the length of time the premises were used by the county; that would be something over eight months, and would make the indebtedness about $535. Of that sum Crump was paid $500 in June, 1873, and was subsequently allowed $35.

But Crump insists that the payment of the $500 was made in a warrant on the county treasurer, and was only worth 60 cents on the dollar. We understand the testimony to be that such was its worth in the market. The board were prohibited by § 1382 of the Code to allow any greater sum on this claim than the amount actually due, dollar for dollar, according to the legal and ordinary compensation. Nor can it "issue orders or warrants upon demands or claims against the county for more than the actual amounts, etc., allowed."

Under the law the warrant for the $500 must operate as a *pro tanto* credit, dollar for dollar, on the demand. If there be no money in the treasury the creditor may resort to means to enforce payment. But it would be a palpable evasion of the statute to issue a warrant to the creditor for an amount above the face value of the demand, so as to enable him to sell the paper for 60 cents on the dollar, and thus produce in money the nominal amount of his demand. Warren County *v.* Klein, 51 Miss., 807.

The credit of $500 paid to Crump must be counted as a reduction to that amount of the sum actually and justly due to him. But it has also been suggested in argument that, although the board of supervisors did not empower the sheriff, for the reasons above stated, to bind the county by the lease, yet the

sheriff, without such authorization, had, under § 1370 of the Code, the right to rent the premises.

This section directs the sheriff to provide some suitable building in which the courts of the county may be held when the board of supervisors have failed to do so. This occurs when there shall be no court house, or when it is undergoing repairs, or is unfit for use. It does not in terms embrace rooms for the county officers.

The sheriff can only bind the county in the circumstances stated in the statute, and for a specific purpose. He can only provide a building so long as it may be actually needed. If he proposes to accept a lease which may exceed that time he must obtain the sanction of the board.

But it is agreed as a fact in the case that one of the five rooms was occupied by the sheriff as a bed-chamber, and another by a firm of lawyers. It would hardly be contended that the sheriff, under the law, could commit the county to pay rent for them.

The plaintiff in error has not shown that the board has not allowed him reasonable compensation for the use of his premises.

Judgment is affirmed.