Covington County *v.* Mississippi Road Supply Co.

Mar. 10, 1952.

No. 38308 (57 So. (2d) 318)

Hugh McIntosh, for appellant.

Chambers, Trenholm & Smith, for appellee.

McGehee, C. J.

This appeal is from a decree of the chancery court whereby it was adjudged that the appellant, Covington County, is indebted to the appellee, Mississippi Road Supply Company, a corporation, in the sum of $9,231.44, representing an indebtedness in the principal sum of $7,750 for the purchase price of certain road machinery, as evidenced by a promissory note for the said amount, executed on December 3, 1946, due and payable June 15, 1947, and bearing interest at the rate

of six percent per annum from date until paid, and which note was issued by the County in favor of the appellee under and by virtue of authority of Section 2937, Code of 1942, and pursuant to the authority of a judgment of the circuit court rendered on January 16, 1946, and affirmed by us on October 28, 1946, without a written opinion, as shown in 27 So. (2d) 726, wherein L. C. Hardman and others, as taxpayers, had protested against the County's purchase of such road machinery for Supervisor's District No. 1 thereof, and also against the proposed issuance of two promissory notes, each for one-half of the purchase price, due June 16, 1946 and June 15, 1947, respectively, aggregating the said sum of $7,750 therefor.

The appellee, Mississippi Road Supply Company, was not a party to the former proceeding, and hence it is urged by appellant that the decision on the former appeal is not res judicata of the question now involved, both for the reason above stated and because of circumstances hereinafter mentioned which arose susequent to the former decision. But, be that as it may, the former decision is to be deemed an authority for the proposition that the purchase of the said road machinery by the County was duly authorized by law and that the proceedings of the Board prior thereto relating to the same were legal in all respects; and that the County was also empowered by the affirmance of the case on the former appeal to proceed to bring to a conclusion the purchase, which had been completed except as to the execution of the notes provided for in the order of the Board of Supervisors of August 6, 1945, since the judgment of the circuit court then appealed from had expressly adjudicated that the purchase of the machinery was necessary, was made "in good faith and that the anticipated revenue of said beat (Supervisor's District No. 1 of Covington County) is sufficient to pay for the machinery * * * during the tenure of office of Frank Moore, the present supervisor for said beat", and because the said judgment further adjudicated that "the Board of Super-

visors of Covington County shall have the authority to bring to a conclusion the matter of the purchase of road machinery for Supervisor's District No. 1, the same as if an appeal (from the board of supervisors to the circuit court) had not been granted."

The County did proceed to bring to a conclusion the matter of the purchase of the said machinery by continuing to use the same and by the issuance of one note on December 3, 1946, following the affirmance of the case on the former appeal on October 28, 1946, for the sum of $7,750, due and payable June 15, 1947, in lieu of the two notes provided for in an order of the Board duly entered on August 6, 1945, but which notes were not then issued because of the protest instituted by the said taxpayers, Hardman and others, against the County in regard thereto.

It appears from the record that in the month of July 1945 the board of supervisors of the county had duly advertised for bids for the machinery in question and accepted the bid of the appellee, Mississippi Road Supply Company, on August 6, 1945, by an order entered on its minutes and provided for the issuance of the two notes in equal amounts due June 15, 1946, and June 15, 1947, respectively, as aforesaid, and aggregating the said sum of $7,750; that thereupon the said Supervisor's District No. 1, having received possession of the machinery for trial and demonstration in July 1945, continued to use the same and retained possession thereof throughout the remainder of the term of the supervisor of said district then in office; that the district had the possession and use of the said machinery at the time of the execution of the note of December 3, 1946, payable June 17, 1947, for the $7,750 sued for; that the then supervisor upon going out of office on the first Monday of January 1948, tendered the said machinery to his successor in office, who rejected the same and caused to be entered an order of the board of supervisors disallowing the claim of the said appellee

which had been theretofore duly docketed and presented for payment, as required by law.

Although the County in the former suit was successful in getting the validity of the purchase of said machinery upheld by the circuit court, and had procured the affirmance of the said judgment on appeal to this Court, it now seeks to deny liability for the purchase price of the machinery on the following grounds: First, that no advertisement was made for the purchase of machinery in December 1946, when the note sued on was executed, as aforesaid, the only advertisement being that made in July 1945, hereinbefore referred to; second, that when the order was made on December 3, 1946, for the issuance of the note sued on, the machinery had become in a bad state of repair from its continued use by the County and was not, therefore, worth even half of the purchase price, and that the board was without authority to purchase second-hand machinery; third, that the machinery did not on December 3, 1946, have such a manufacturer's list price as is contemplated by Section 2937, Code of 1942; fourth, that the issuance of the note sued on was an attempt to create an interest-bearing debt in violation of Section 4320, Code of 1942, as amended by Chapter 373, Laws of 1946, and was thereafter void because no election was held to authorize the issuance of such interest-bearing debt; and, fifth, that Supervisor's District No. 1 had, on December 3, 1946, become insolvent in that the obligations thereof then exceeded the anticipated revenue from that date to January 1, 1948, when the term of office of Frank Moore, as supervisor, was to expire.

▇▇ The answer to the first contention is that the machinery was not purchased at the December 1946 meeting of the board, but that an order was entered at that time which merely reaffirmed the purchase made on August 6, 1945, when the machinery was deemed by both the seller and the buyer to have been delivered and the District began the use thereof; and the said order of December 1946 merely represented the action of the board

in concluding he purchase as the County was authorized to do under the judgment of the circuit court, which was affirmed by us on appeal of the former case.

The answer to the second contention is that the County is in no position to contend, after having used the machinery for approximately a year and a half, that it had then become secondhand machinery by virtue of its own use thereof.

The third contention is answered by what is stated in the next preceding paragraph.

The answer to the fourth contention is that Section 4320, which is alleged to have been violated by incurring an interest-bearing debt without an election, finds its origin in Chapter 325, Laws of 1920, and Section 2937, Code of 1942, finds its origin in Chapter 253, Laws of 1940, which contains no requirement of an election as a condition precedent to the issuance of an interest-bearing note for the purchase of road equipment under said statute, and this later statute was amended by Chapter 246, Laws of 1950, so as to clarify the same, and to make clear that no election is required as a condition precedent to the purchase of the road machinery therein provided for and the issuance of interest-bearing notes for the purchase price thereof.

The answer to the fifth contention is that no proof was offered by the County to show that the obligations of Supervisor's District No. 1 exceeded, on December 3, 1946, the anticipated revenue from that date to January 1, 1948; but, on the contrary, the proof disclosed that the district had available about $27,000 in its road fund, which was sufficient to have paid for the road machinery in question over and above the $400 per month that the district was obligated to pay on machinery purchased by it from another seller.

In the instant case, the appellee, Mississippi Road Supply Company, as complainant in the trial court, also asked for an injunction to prevent the County from diverting the funds of the district to other purposes than the pay-

ment of the note sued on, and it was this feature of the case that caused the suit to be brought in the chancery court instead of the suit being one at law. The chancellor did not deem it necessary to issue the injunction, but recited in the decree, in effect, that its failure to grant the injunctive relief was without prejudice to the right of the complainant to renew its application for such relief, if such course should be later found necessary.

The bill of complaint also asked for the alternative relief of a reasonable rental value on the machinery during the period of its use by the county in the event the court should find that the proceedings for the purchase thereof were invalid. The chancellor adjudicated as to what the reasonable rental thereon would be per month, but, as heretofore stated, the trial court rendered a decree for the purchase price in the amount sued for on the note The case of Colle Towing Co., Inc., v. Harrison County, Miss. 1952, 57 So.(2d) 171, holds that the case of American-LaFrance, Inc., v. City of Philadelphia, 183 Miss. 207, 184 So. 620, and similar adjudications as to liability of municipalities, are not controlling as to the alleged liability of a county for the rental value of machinery which has been illegally purchased. But we are not concerned here with that question since we are of the opinion that the decision of the chancellor was correct in rendering the decree for the purchase price of the machinery instead of one for its rental value.

From the foregoing views it follows that the decree appealed from must be affirmed.

Affirmed.

**Hall, Lee, Holmes** and **Arrington, JJ.,** concur.