914 So.2d 279 (2005)
Abraham ROFFMAN, Appellant,
v.
Dale WILSON, Appellee.
No. 2004-CA-01519-COA.
Court of Appeals of Mississippi.
October 25, 2005.
*280 Warner Hodges, attorney for appellant.
Paul R. Scott, Batesville, Rebecca Scott Thompson, Hernando, attorneys for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
MYERS, J., for the Court.
¶ 1. Abraham Roffman filed this lawsuit against Dale Wilson for specific performance and/or damages in fraud in the Circuit Court of Desoto County on August 5, 2002. On May 7, 2004, Wilson filed a motion for summary judgment. On July 1, 2004, the circuit court granted Wilson's motion for summary judgment. Roffman appeals to this Court arguing that the circuit court erred in granting Wilson's motion for summary judgment
¶ 2. Aggrieved by the judgment of the circuit court, Roffman now appeals, raising the following issue:

*281 WHETHER THE TRIAL JUDGE ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 4. On June 20, 2002, Roffman attended a real estate auction in Horn Lake, Mississippi. This auction was also attended by Wilson. When Wilson arrived at the auction, he registered and received a bid card. Wilson noticed that only one other person was registered to bid, a man whom he did not know from Nashville, Tennessee. After Wilson registered he saw Roffman, so he went over to speak to him. Wilson was acquainted with Roffman because Wilson had rented a fireworks stand from Roffman in the past. Wilson asked Roffman if he intended to bid on the property, and Roffman replied that he did not. The bidding started, and the man from Nashville bid $25,000. Then Wilson saw Roffman bid $50,000. Knowing that Roffman was not registered to bid, Wilson asked him, "Did you bid for me?" Roffman claims that Wilson asked him, "Did you bid for us?" Either way, Roffman responded in the affirmative. The $50,000 bid was the winning bid, and Wilson went to the auctioneer table, signed for the bid and paid ten percent of the bid price. At no time did Roffman ask to sign or to pay any part of the money. Roffman did not approach the auctioneer table with Wilson.
¶ 5. Roughly one week later Roffman contacted Wilson regarding how much money he needed to pay for his part of the property. Wilson informed Roffman that he had already paid for the property in full and was confused as to what Roffman was talking about. Roffman then filed a complaint against Wilson for specific performance and/or for damages in fraud. After Wilson filed his answer stating in part that the court did not have jurisdiction and that the action was barred by the statute of frauds, Roffman amended his complaint dropping the specific performance claim. Wilson filed an answer to the amended complaint basically alleging the same defenses. Wilson then filed a motion for summary judgment which the trial court granted.

LEGAL ANALYSIS

WHETHER THE TRIAL JUDGE ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
¶ 6. Roffman asserts that he and Wilson entered into a joint venture, and therefore the statute of frauds is not a defense. Roffman also argues that Wilson committed fraud. Wilson takes the position that there was no intent to form a joint venture between Roffman and Wilson.

STANDARD OF REVIEW
¶ 7. This Court follows a de novo standard of review of a trial court granting summary judgment. Mozingo v. Scharf, 828 So.2d 1246, 1249(¶ 5) (Miss.2002); Owens v. Thomae, 904 So.2d 207, 208(¶ 7) (Miss.Ct.App.2005). Summary judgment is proper when there are no issues of material fact and the movant is entitled to a judgment as a matter of law. Id.

DISCUSSION
¶ 8. In order for the statute of frauds defense to be void, evidence of a joint venture must exist. Beane v. Bowden, 399 So.2d 1358, 1361 (Miss.1981). A joint venture can be broadly defined as an association of persons to carry out a single business enterprise for profit for which purpose they combine their property, money, efforts, skill and knowledge. Pittman *282 v. Weber Energy Corp., 790 So.2d 823, 826(¶ 10) (Miss.2001). In the present case, there is no evidence to suggest that Roffman and Wilson combined any of the above stated items. A joint venture exists where two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they are to share in profits or losses and each is to have a voice in its management. Id. The Mississippi Supreme Court has noted that there is a condition precedent with joint ventures, and that condition is joint proprietary interests and the right of mutual control. Hults v. Tillman, 480 So.2d 1134, 1142 (Miss.1985) Joint ventures need not be in writing; however, an agreement either expressed or implied regarding the sharing of profits is essential. Id. Actual intent to form the joint venture is essential. Id. at 1143. There must be an intent of the parties to be associated together.
¶ 9. Since there was no evidence of a joint venture, this case falls within the statute of frauds. Agreements to transfer an interest in land are clearly within the statute of frauds. McIlwain v. Doby, 238 Miss. 839, 854, 120 So.2d 553, 560 (Miss. 1960). Mississippi Code Annotated § 15-3-1(c) (Rev.2003) states that the statute of frauds does require that all contracts involving the transfer of land must be in writing. Allred v. Fairchild, 785 So.2d 1064, 1069(¶ 12) (Miss.2001). Roffman even states that this transaction was never a contract for the sale of land, and he presented no evidence to show any sort of written agreement in the present case. The fact that there was no written contract or writing of any sort regarding this land is undisputed. Therefore we find that no contract was formed between these two parties.
¶ 10. There is no intent between these two parties; therefore, there is no fraud. Wilson claims that he never intended to form a joint venture, and Roffman's conduct negated any intent he may have possessed to form a joint venture. Roffman did not offer to help pay the original ten percent of the bid at the auction. Roffman did not attempt to discuss the terms of their alleged arrangement. Roffman made no attempt to discuss the alleged agreement until eight days after the auction. In order to establish fraud all of the following nine elements must be proven: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. Holland v. Mayfield, 826 So.2d 664, 674(¶ 45) (Miss.1999). Even if Roffman believed he was entering into a business deal with Wilson, there was no representation made by Wilson. Therefore, the first element is not met, so there can be no finding of fraud. Finding that no business relationship existed and no fraud was present, we find that the trial judge was correct in granting Wilson's motion for summary judgment.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.