ISHEE, J.,
for the Court.
¶ 1. Patsy Davis was injured as a result of the collapse of the patio at her apartment complex, Forrest Royale Apartments (“Forrest Royale”) in Hattiesburg. Davis subsequently filed a personal injury suit against Forrest Royale, as a subsidiary of South Mississippi Health Services, Inc. *294 (“SMHS”), after which Forrest General Hospital (“Forrest General”) intervened and filed for summary judgment on the basis of immunity under the Mississippi Tort Claims Act (“MTCA”). The trial court granted Forrest General’s motion for summary judgment. Aggrieved, Davis appeals. Finding no error, we affirm.
FACTS
¶ 2. Forrest County acquired title to two contiguous parcels of real property in 1991 through a warranty deed. That same day, Forrest County executed a lease in favor of SMHS conveying a leasehold interest in one of the parcels of property and stating that the property was to be used “for hospital purposes and for the use and benefit of Forrest County General Hospital and provided that said real property shall constitute a part of the facilities of said hospital to be operated by its Board of Trustees.” Davis entered an apartment lease agreement with Forrest Royale Apartments, which were located on the aforementioned parcel, on December 24, 1995.
¶ 3. On May 7, 2001, while a resident at Forrest Royale, Davis was allegedly injured while on or near the patio of her apartment when it collapsed, causing her to fall. Davis subsequently underwent hospitalization and surgery as a result of the injuries she incurred when the patio collapsed. Davis consequently filed a personal injury suit on June 13, 2002 against Forest Royale, as a subsidiary of SMHS. On October 18, 2002, Forrest General, as the owner of Forest Royale, filed a motion to intervene, and on the same day, filed a motion for summary judgment, asserting that Davis’s claim was barred by failure to properly comply with the MTCA. Forrest General’s motion to intervene was granted. On December 2, 2002, Davis filed a notice of claim under the MTCA with the chief administrator of Forrest General. The trial court granted Forrest General’s amended motion for summary judgment on April 15, 2005. The court reasoned that Davis was put on constructive notice that Forrest General was the owner of the property by virtue of the warranty deed. As such, the court stated that Forrest General (Forrest County) was an indispensable party. Because Forest General was indisputably a community hospital within the meaning of Mississippi Code Annotated § 41-13-10(c) (Rev.2005), and thus a political subdivision of the state as defined in Mississippi Code Annotated § 11 — 46—l(i) (Supp.2005), the court stated that it was entitled to the protection of the MTCA. The court stated that, because Davis failed to file a notice of claim within one year of the date of the alleged actionable conduct as required by the MTCA,[1] the statute of limitations in which to do so had expired, and summary judgment was thus proper. Aggrieved by the trial court’s decision, Davis appeals, asserting that the trial court erred in granting the motion for summary judgment.
STANDARD OF REVIEW
¶ 4. This Court reviews a trial court’s grant of summary judgment de novo. Roffman v. Wilson, 914 So.2d 279, 281 (¶ 7) (Miss.Ct.App.2005) (citing Mozingo v. *295 Scharf 828 So.2d 1246, 1249 (¶ 5) (Miss.2002); Owens v. Thomae, 904 So.2d 207, 208 (¶7) (Miss.Ct.App.2005)). The Court “must examine all evidentiary matters before [it], including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” Monsanto Co. v. Hall, 912 So.2d 134, 136 (¶ 5) (Miss.2005). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Id. “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.” Id.
ISSUES AND ANALYSIS
¶ 5. Davis first contends that summary judgment was improper because the MTCA does not apply to her situation. She contends that she had no prior knowledge of any governmental entity’s involvement or ownership of Forrest Royale. She further contends that Forrest General may not assert tort claim immunity for a real estate development that is not part of its campus and not being utilized for hospital purposes. Davis claims that her suit was not against a governmental entity, but only against Forrest Royale. She asserts that the warranty deed specifically required Forrest General to use the property for hospital purposes, and that renting apartments to the public is not within the scope of those purposes. Alternatively, Davis argues that, even if the MTCA applies, the statute of limitations should not have begun running until she found out that Forrest General owned the property. Thus, she argues that she should be able to use the date of Forrest General’s motion to intervene, October 18, 2002, as the date from which the statute of limitations began to run.
¶ 6. Davis’s argument that the MTCA should not apply to investment property is untenable. Mississippi Code Annotated § 11-46-3(1) (Rev.2005) explicitly mentions immunity pertaining to proprietary functions.[2] Furthermore, under a political subdivision’s broad power to purchase and hold real estate, the lesser power to lease is necessarily implied. See American-LaFrance v. City of Philadelphia, 183 Miss. 207, 184 So. 620, 623 (1938) (“Under [the power of a municipality to purchase and hold real estate], it is a general rule of interpretation that there is embraced and included the lesser power to lease”). Therefore, we find this argument without merit.
¶ 7. The MTCA provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit. Miss.Code Ann. § 11-46-7(1) (Rev.2005); City of Jackson v. Sutton, 797 So.2d 977, 980 (¶ 10) (Miss.2001). Davis argues that the one year statute of limitations for filing the notice of claim in order to comport with the MTCA should not have begun to run until she discovered that Forrest General owned the property on which Forrest Ro- *296 yale Apartments are located. We disagree. From the time of Davis’s injury on May 7, 2001, she was under a duty to exercise due diligence in ascertaining the proper defendant. Ray v. Keith, 859 So.2d 995 (¶ 16) (Miss.2003). The warranty deed, which listed Forrest County as the owner of the property, was available to Davis during this entire period, had she chosen to exercise due diligence by examining it. Her own failure to exercise due diligence does not excuse her duty to comply with the procedural requirements of the MTCA. Therefore, we find this argument without merit and affirm the decision of the lower court.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ. CONCUR.

. The filing of a notice of claim under the MTCA tolls the one year statute of limitations for "ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (12 0) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim.” Miss.Code Ann. § 11-46-11(3) (Rev.2002).

. “The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the 'state' and its ‘political subdivisions’ ... are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract ... notwithstanding that any such act, omission or breach constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature....” Miss.Code Ann. § 11-46-3(1) (Rev.2002) (emphasis added).