383 So.2d 501 (1980)
LEFLORE COUNTY, Mississippi
v.
BIG SAND DRAINAGE DISTRICT.
Nos. 51805, 51085.
Supreme Court of Mississippi.
April 30, 1980.
Fraiser, Burgoon, Henson & Abraham, James W. Burgoon, Jr., Greenwood, for appellant.
Kimbrough, Kimbrough & McLean, G. Hite McLean, Greenwood, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court.
Big Sand Drainage District [Drainage District] filed suit in the County Court of Leflore County against Leflore County, Mississippi seeking the sum of seven thousand five hundred ninety-four dollars twenty-nine cents ($7,594.29) reimbursement for expenses incurred by it in constructing bridges and culverts on two (2) public roads in Leflore County. The County Court sustained a demurrer to the declaration, and, on appeal to the Circuit Court the judgment on the demurrer was reversed. Leflore County declined to plead further, and default judgment was entered in behalf of the Drainage District in the amount sued for. Leflore County appeals here from the judgment entered in the Circuit Court.
The question presented, as raised by the demurrer, is whether or not Leflore County is liable to the Drainage District for reimbursement of the costs of removing and constructing culverts and bridges across two public roads.
*502 Mississippi Code Annotated Section 51-29-95 (1972) provides in part:
"The commissioners of the district shall have the right and power to carry the ditches, either main or lateral, across any highway; and the board of supervisors shall construct suitable bridges across such ditches."
Mississippi Code Annotated Section 51-31-95 (1972) contains the following:
"If in the construction of such ditches the same shall cross any public road, it shall be the duty of the drainage commissioners to notify the board of supervisors of such county in which such public road is located, at some regular meeting of said board held prior to a day which is thirty days next before the time fixed in such notice for the time at which the proposed work shall be constructed across said public road, stating in such notice the width and depth of such proposed work. It shall be the duty of the board of supervisors to cause to be removed and constructed, at the expense of the county, all bridges necessary to be removed, or constructed, same to be done at such time as is reasonable, with a view to the convenience of the public and without unreasonable delay to the prosecution of such work.
Contracts may be made by the board of supervisors for such removal and construction of such bridge or bridges, without first advertising for bids where the cost of any one bridge does not exceed one hundred dollars."
The sections impose the duty upon the board of supervisors to construct suitable bridges across ditches of the drainage district and provide that all necessary bridges, removed or constructed, shall be at the expense of the county. The statute does not give the drainage district the authority to construct the bridges and culverts. Neither does the statute provide that, if the board of supervisors declines to construct such bridges, the drainage district may then perform the work. Section 170, Miss.Const. 1890, vests jurisdiction over roads and bridges in the board of supervisors of each county. Mississippi Code Annotated Section 19-3-41 (1972) provides that "The boards of supervisors shall have within their respective counties full jurisdiction over roads, ferries and bridges, except as otherwise provided by section 170 of the constitution and all other matters of county police.
Sections 51-29-95 and 51-31-95 also leave to the determination of the board of supervisors what shall constitute suitable bridges across drainage districts and what bridges are necessary to be removed or constructed. If the determination of the board of supervisors in those respects is improper, arbitrary or capricious, the drainage district has lawful remedies to pursue.
The law recited in 1877 in Brabham v. The Board of Supervisors of Hinds County, 54 Miss. 363 (1877) still applies today. The Court there said:
"The plaintiff in error sued the defendant in error to recover damages for the death of her husband, produced by the falling of a county bridge while he was crossing it with his wagon and team.
If a county can be held liable for damages suffered in consequence of neglect to repair a county bridge in any case, it should be held so in this. At common law, a county could not be so held liable. No statute makes it liable. The `demands,' `accounts' and `claims' contemplated in the statutes to be audited and allowed by boards of supervisors, and authorized to be sued on, if allowance is refused by the board, are manifestly such liabilities of the county as are provided for by some statute. A county can have no liability except as authorized, expressly or by necessary implication, by some statute. Counties are political divisions of the State, created for convenience. They are not corporations with the right to sue and be sued as an incident to their being, but are quasi corporations, invested by statutes with certain powers, and subject to certain liabilities, and can neither sue nor be sued, except as authorized by statute. The right to maintain a suit like this against a county is not only *503 outside of the contemplation of the statutes, but is opposed by every consideration of sound policy." 54 Miss. at 364.
In City of Grenada v. Grenada County, 115 Miss. 831, 76 So. 682 (1917), the City of Grenada filed a claim with the board of supervisors of Grenada County for reimbursement for the costs of one-third (1/3) of paving streets adjoining the courthouse property. The board of supervisors declined to pay the claim, the City sued and obtained judgment in the Circuit Court against Grenada County. This Court reversed the judgment and held that no suit can be maintained against a county to recover for liability unless such liability is authorized by some statute, expressly or by necessary implication. See also Board of Supervisors of Lee County v. Payne, 175 Miss. 12, 166 So. 332 (1936).
The Drainage District argues that appellate attacks the constitutionality of Sections 51-31-95 and 51-29-95. However, appellant does not attack the constitutionality of the sections, but simply argues that there is no provision in them for the action taken by the Drainage District, with which we agree.
Since the statutes in question, and no other statute brought to the attention of this Court, neither authorize the Drainage District to remove and construct bridges and culverts, as it did, nor authorize it to institute suit for the reimbursement of expenses therefor, the declaration did not state a cause of action against the appellant, Leflore County. Therefore, the judgment of the circuit court is reversed and judgment is entered here for appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.