659 So.2d 578 (1995)
Gene BUTLER d/b/a Butler's Commercial Painting Company
v.
BOARD OF SUPERVISORS FOR HINDS COUNTY, Mississippi.
No. 92-CA-00386-SCT.
Supreme Court of Mississippi.
August 3, 1995.
*579 Andrew J. Kilpatrick, Jr., Hickman Goza & Gore, Grenada, for appellant.
Sorie S. Tarawally, Jackson, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice for the Court:

INTRODUCTION
This case involves an important public policy issue concerning the ability of a county board of supervisors to be bound contractually with members of the private sector. A county board of supervisors approves the use of county funds collected from its community taxes and used for the betterment of their community. As such, our case precedent requires the entry of an order by the board of supervisors upon their minute book when sitting together for the purpose of making expenditures in order for public funds to be collectible by a party performing services for the board of supervisors. Warren County Port Commission v. Farrell Construction Co., 395 F.2d 901, 903-904 (5th Cir.1968) ("a county board of supervisors can contract only by an order on its minutes, ... . Such contracts when so entered upon the minutes may not be varied by parol nor altered by a court of equity"). Otherwise, an individual member of the board or agent thereof would be capable of binding the board and expending the public taxpayers' money without the benefit of the consent of the board as a whole which was elected and responsible for such purposes. In sum, the policy of protecting the public's funds for use by and for the public is paramount to other individual rights which may also be involved.
In this case, there was a construction contract awarded by the Hinds County Board of Supervisors to Dunn Construction Company for the restoration of and additions to the Hinds County courthouse. The painting portion of this contract was subcontracted to Butler's Commercial Painting Company. Upon discovering a variance in the anticipated needs for restoring a particular wall within the courthouse, the architect for the project instructed Butler to perform extra work which was never approved by an order of the board entered upon its minutes. Butler subsequently requested the money from the board which refused to pay since it had not agreed as a Board to approve said expenditures by an order upon its minutes. As this Court stated in Colle Towing Co., Inc. v. Harrison County, 213 Miss. 442, 57 So.2d 171, 172 (1952), while referring to the order requirement upon a board's minute book, "... public interest requires adherence thereto, notwithstanding the fact that in some instances the rule may work an apparent injustice." Therefore, stare decisis and public policy require this Court to affirm the lower court's granting of the board's motion to dismiss for failure to state a claim as it was proper absent such an order duly entered upon the board's minute book.

STATEMENT OF THE CASE
This case began on August 2, 1991, with the filing of a complaint by Gene Butler, d/b/a Butler's Commercial Painting Company, against the Hinds County Board of Supervisors in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Butler alleged that there were monies due and owing under a contract between the board and Dunn Construction Company for which Butler was an assignee and entitled. A copy of the assignment between Butler and Dunn was attached to the complaint as Exhibit A. However, it is unclear whether a copy of the contract was submitted to the judge, and a copy of the contract is not a part of the record on appeal. Only portions of the contract are contained in the briefs. There is also no documentation in the record of Dunn's reservation of rights upon receiving final payment from the board.
The board filed its Answer on August 30, 1991, alleging that the complaint had failed to state a claim upon which relief could be granted and that the board was a political subdivision of the State of Mississippi entitled *580 to sovereign immunity against any claim alleged in the Complaint. The board subsequently filed a M.R.C.P. 12(b)(6) motion which was granted by Judge Graves on March 16, 1992.
Judge Graves held that Butler had failed to state a claim upon which relief could be granted and dismissed the complaint "in light of the immunity of the Board of Supervisors where waiver is not authorized by statute." He cited Warren County Port Commission v. Farrell Construction Co., 395 F.2d 901, 903-904 (5th Cir.1968), Leflore County v. Big Sand Drainage District, 383 So.2d 501 (Miss. 1980) and Webb v. County of Lincoln, 536 So.2d 1356 (Miss. 1988) as the authority for the aforementioned holding.
Aggrieved by the dismissal of his complaint, Butler timely perfected his appeal and raised the following issues for review:
I. DID THE LOWER COURT ERR IN GRANTING A 12(b)(6) MOTION?
II. CAN A GENERAL CONTRACTOR UNDER A CONTRACT WITH THE COUNTY ASSIGN TO A SUBCONTRACTOR THE RIGHT TO PURSUE COLLECTION OF MONIES CLAIMED BY THE GENERAL CONTRACTOR AND SUBCONTRACTOR TO BE OWING FROM THE COUNTY FOR EXTRA WORK PERFORMED FOR THE COUNTY BY THE SUBCONTRACTOR?
III. DOES MISSISSIPPI CODE ANNOTATED § 75-9-318(4) APPLY TO AN ASSIGNMENT OF PROCEEDS FOR EXTRA WORK CLAIMED BY A GENERAL CONTRACTOR AND SUBCONTRACTOR TO BE OWING FROM THE COUNTY UNDER A CONSTRUCTION CONTRACT?

STATEMENT OF THE FACTS
On approximately April 1, 1987, the Hinds County Board of Supervisors entered into construction contract # 503-099 with Dunn Construction Company for the project known as the Renovation and Addition to the Hinds County Courthouse. On approximately April 1, 1987, Dunn entered into a construction subcontract with Butler to meet all of the painting needs on the project. Thereafter, Butler completed all of the painting needs to the specifications and terms of the contract between Dunn and the board with one exception in the amount of $34,652.86 which represented the additional unapproved expenses.
After beginning and during the course of the project, Butler encountered site conditions differing from those represented in the plans making it impossible to complete that aspect of the project as called for in the contract and the preexisting plans. The problem was that there were existing plaster walls which were unexpectedly deteriorating due to an uncontrolled environment. The deterioration prevented Butler from being able to paint the existing plaster walls in the manner previously provided for by the plans between Dunn and the board.
Upon discovering the problem, Butler consulted the board's architect for the project and was directed to strip the existing plaster and apply a "Glid-Wall System" to handle the unexpected problem. This would allow a smooth finish, maximum performance of the paint and long lasting adhesion. Butler contends that this work was outside the scope of his contract with Dunn and outside the scope of Dunn's contract with the board.
Butler performed the work on the "Glid-Wall System" at the direction of the board's architect. Pursuant to the subcontract with Dunn, Butler subsequently submitted a change order request to Dunn for $34,652.86. Dunn in turn submitted the change order request to the board which denied responsibility for the work.
On approximately February 27, 1990, Dunn and Butler entered into an agreement whereby Dunn assigned to Butler all of Dunn's right, title and interest to payment for the work related to installation of the "Glid-Wall System." Dunn and Butler recognized that only Dunn had a contract with the board and felt that an assignment from Dunn to Butler was necessary to pursue Butler's claim directly against the board as assignee of Dunn's right to obtain payment for the additional work. At the time of executing the assignment to Butler, Dunn had settled all claims with the board for the work on the project except for payment for the "Glid-Wall System." Dunn represented *581 in the assignment agreement that Dunn had specifically reserved such a claim on behalf of Butler under Butler's change order request when Dunn previously settled with the board. However, there is no documentation in the record other than the assignment agreement as to Dunn's reservation of rights upon receiving final payment from the board.
Butler claims that he is entitled to damages from the board in the amount of $34,652.86 which represents the extra unanticipated expenses of installing the "Glid-Wall System" plus interest from June 10, 1988. Butler also seeks reimbursement for all costs associated with the litigation including but not limited to reasonable attorney's fees.

DISCUSSION OF ISSUES

DID THE LOWER COURT ERR IN GRANTING A 12(b)(6) MOTION?
The Complaint containing the Dunn/Butler assignment agreement and the Answer of the Board was before the trial court when the board's M.R.C.P. 12(b)(6) motion was heard. Upon hearing oral arguments and reviewing the aforementioned documents, Judge Graves dismissed Butler's complaint. The lower court granted the board's M.R.C.P. 12(b)(6) motion for a failure by Butler to state a claim upon which relief could be granted.
Judge Graves made the following ruling: It is well settled in Mississippi that "a county board of supervisors can contract only by an order on its minutes, ... Such contracts when so entered upon the minutes may not be varied by parol nor altered by a court of equity ..." Warren County Port Commission v. Farrell Construction Co., 395 F.2d 901, 903-904 (5th Cir.1968). Though Butler did not contract with the Board of Supervisors, they would have the Court extend the Board's waiver of immunity to Butler, thereby enabling them to claim the provisions of a contract to which they were not a party. This would require the Court to alter the contract at issue. No authority is offered in support of this proposition and the Court is therefore compelled to grant the defendant's Motion to Dismiss in light of the immunity of the Board of Supervisors where waiver is not so authorized by statute. See, Leflore County v. Big Sand Drainage District, 383 So.2d 501 (Miss. 1980); Webb v. County of Lincoln, 536 So.2d 1356 (Miss. 1988).
Stated within Warren County Port Commission is the main reason for support of the dismissal which is found in Lamar County v. Tally & Mayson, 116 Miss. 588, 77 So. 299 (1918). Lamar County held that "the only permissible method for the alteration of a contract with a board of supervisors is by a subsequent order entered on its minutes." Warren County Port Commission at 903-904; Lamar County, 77 So. at 300. The rule of law stated in Warren County and Lamar County comes from the genesis case of Bridges & Hill v. Board of Supervisors of Clay County, 58 Miss. 817, 820 (1881) illustrating a long history of adherence by this Court to the public policy involved.
The trial court must apply a rigid standard when ruling upon a M.R.C.P. 12(b)(6) motion. "The pleaded allegations of the complaint must be taken as true and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss. 1990); Marx v. Truck Renting & Leasing Assoc., 520 So.2d 1333 (Miss. 1987). Therefore, Judge Graves must have been unable to find, under any set of facts while presuming all to be true, that there was any way that Butler could recover. The law in this area is clearly supportive of Judge Graves' ruling which we affirm.
Colle Towing Co., Inc. v. Harrison County, 213 Miss. 442, 57 So.2d 171 (1952) is a case illustrating the Court's past strict adherence to the requirement that a board of supervisors only be bound by a contract entered upon its minutes. Colle Towing Co. was a case in which a drawbridge's supports on the back bay of Biloxi were in immediate need of additional support to prevent the draw span from falling into the bay. The Harrison County Board of Supervisors' president requested that Colle Towing Company provide two barges for the job which was accomplished. *582 They orally agreed to an amount of rent for the barges. The board subsequently undertook by an Order entered upon its minutes to ratify the oral contract with Colle Towing Company. The board even paid Colle Towing Company from time to time. A dispute evolved over how much was due and Colle Towing Company sued Harrison County in quantum meruit to recover the balance. Id. 57 So.2d at 172.
The trial court in Colle Towing Co. dismissed the complaint and this Court affirmed giving the following reason.
It has been repeatedly held in this State that a board of supervisors can contract and render the county liable only by a valid order duly entered upon its minutes, that all persons dealing with a board of supervisors are chargeable with knowledge of this law, that a county is not liable on a quantum meruit basis even though it may have made partial payments on a void oral contract, and, moreover, that in such case there is no estoppel against the county. Numerous other cases supporting these views are cited in the foregoing authorities, and we are of the opinion that the public interest requires adherence thereto, notwithstanding the fact that in some instances the rule may work an apparent injustice.
Colle Towing Co., 57 So.2d at 172; citations omitted.
The dismissal was proper for the minute book order requirement, making it unnecessary to discuss the other issues. The board's motion is affirmed because of the minute book order requirement, not because the board enjoys sovereign immunity from suit on the contract. Bridges & Hill and its progeny answer the threshold question requiring the Court to affirm the dismissal as there was no modification or alteration of the contract by an Order upon the Board's minutes for the "Glid-Wall System." Accordingly, the lower court is affirmed.

CONCLUSION
The dissent to the case sub judice incorrectly relies upon case and statutory law which is inapplicable here. Miss. Code Ann. § 75-9-318(4) and Kimberly-Clark Corp. v. Alpha Building Co., 591 F. Supp. 198, 206 (N.D.Miss. 1984) merely hold anti-assignment provisions in contracts void. The ability to assign a right is not at issue in this case. What is at issue is the valid procedure of making a contract with a board of supervisors. The other authority cited by the dissent is Wunderlich v. State Highway Comm'n, 183 Miss. 428, 184 So. 456 (1938). Wunderlich stands for the proposition that a state agency, not a local governing body such as a county board of supervisors, stands as a private party to a contract. Accordingly, Miss. Code Ann. § 75-9-318(4), Kimberly-Clark Corp., and Wunderlich are inapplicable to this case.
Butler, as everyone, was charged with the knowledge that a board of supervisors can only make the county liable for a contract by a valid order duly entered upon its minutes. Groton Bridge & Mfg. Co. v. Board of Supervisors of Warren County, 80 Miss. 214, 31 So. 711, 712 (1902); Colle Towing Co., 57 So.2d 171, 172 (1952). Furthermore, as Colle Towing Co. clearly states, the importance of the public policy involved will be the overriding factor in such disputes even when "the rule may work an apparent injustice." Id., 57 So.2d at 172. Accordingly, because of the paramount public policy and the clear absence of Board approval upon its minute book, the lower court is affirmed.
JUDGMENT IS AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion.
McRAE, Justice, dissenting:
The majority, like the circuit court, misses the point by dismissing this lawsuit pursuant to M.C.R.P. 12(b)(6) after finding that there was no contract between Butler, a subcontractor, and the board of supervisors. Nevertheless, as admitted by the board, both the majority and the lower court acknowledge that there was a contract between the board of supervisors and Dunn Construction Company, *583 the general contractor, who in turn subcontracted a portion of the work to Butler, a painter. As the majority states, the board's architect, acting as its agent, directed Butler to strip the existing deteriorated plaster and apply a "Glid-Wall System" to the surface in order to obtain a better finish and improve the adhesion and performance of the paint. After the board refused Dunn's change order for the Glid-Wall System, Dunn assigned Butler its right, title, and interest in collecting the additional $34,652.86 for the work from the board of supervisors.
As the record specifically stated, Butler, as a subcontractor, worked through Dunn's contract with the board of supervisors. Butler took an assignment from Dunn to recover its claim against the board of supervisors. Simply put, Butler stepped in Dunn's shoes for the work performed in applying the Glid-Wall System. Therefore, a valid contract with the board of supervisors was in dispute and should not have been subject to dismissal under a 12(b)(6) motion.
The issue is simple. Did Dunn have a contract with the board of supervisors? Was there a proper assignment by Dunn to Butler for the claim for the proceeds of the $34,652.86 Glid-Wall System? Anything other than that was a question of fact to be determined by a jury. Miss. Code Ann. § 75-9-318(4) specifically allows assignment of contract proceeds. There is no restriction in that statutory provision limiting the right of assignment to undisputed proceeds.
Dunn Construction specifically contracted with the board of supervisors to repair and paint the exterior plaster walls of the building. Dunn, in turn, subcontracted with Butler to perform this particular phase of the contract. The board, through its architect, directed Butler, through Dunn, to apply the Glid-Wall system. Although painting the walls was part of the original contract, application of the Glid-Wall System was not. Thus, a dispute arose over the final cost of the work performed, not over whether there was a contract with Dunn in which Butler claimed an assignment of proceeds. The assignment of contract proceeds is specifically protected and allowed for by both statute and case law. See Miss. Code Ann. § 75-9-318(4) and Kimberly-Clark Corp. v. Alpha Building Co., 591 F. Supp. 198, 206 (N.D.Miss. 1984).
It is further noted that the board of supervisors, in its briefs, assert that Butler's argument with respect to assignment of contract proceeds is inapplicable because it involved work not specified in the original contract. Thus, it would appear that Hinds County had conceded Butler's argument on the assignment issue. Accordingly, in order for the majority to discern from the lower court's findings that there was no contract, it must find that Miss. Code Ann. § 75-9-318(4) is not applicable to contracts entered in to with a county. To do this, we would effectively reverse our holding in Wunderlich v. State Highway Comm'n, 183 Miss. 428, 184 So. 456 (1938) to find that a state entity does not stand as a private person once it makes a contract.
To do so would eliminate the contractual rights of a party performing work on a contract with a county since the county could simply disregard those provisions it chose not to honor. I, therefore, would reverse the lower court on the basis that there was a contract as per the record of the assignment and allow the case to go forward for a trial on the merits.