## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00879-SCT

*WERNER JOSEPH WATKINS AND CYNTHIA*
*WATKINS, INDIVIDUALLY AND ON BEHALF OF*
*THEIR MINOR CHILDREN, JOANNA WATKINS,*
*JESSICA DAVIS, LAURA DAVIS AND JUSTIN*
*WATKINS*

*v.*

*MISSISSIPPI TRANSPORTATION COMMISSION*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/96 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOHN HERR MUSSER, IV |
| ATTORNEY FOR APPELLEE: | JOHN LEWIS GADOW |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 2/26/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## SUMMARY

Werner Joseph Watkins was injured in a motorcycle accident which he alleges was caused by the negligence of the Mississippi Transportation Commission, among others not at issue here. The Harrison County Circuit Court granted the Mississippi Transportation Commission's Motion to Dismiss the resultant personal injury suit brought by Joseph Watkins, *et al*. Because the cause of action accrued after the passage and effective date of House Bill 2 in Extraordinary Session ("Special Session Amendments) of the legislature on September 16, 1992, the court determined that the Mississippi Transportation Commission was protected by the umbrella of sovereign immunity. Aggrieved by the decision of the circuit court, Joseph Watkins, *et al*, now appeal. After careful

examination of the briefs and record in this matter, we conclude that the judge's action in granting the Mississippi Department of Transportation's Motion to Dismiss was appropriate.

## STATEMENT OF THE FACTS

On December 2, 1992, at 11:00 p.m., Werner Joseph Watkins ("Werner") was riding his 1949 Harley Davidson motorcycle, traveling north on Lorraine Road, within the city limits of Gulfport. The road on which he was traveling opened up from a two lane road to a four lane road and he moved into the right lane. The right lane came to an abrupt end and Werner tried unsuccessfully to merge into the left lane. As he tried to return to the roadway and/or stop his motorcycle, he encountered potholes and other defects, causing him to lose control of his motorcycle. Werner struck a shoulder drop-off located at the intersection of Jack Watson Power Plant Road and Lorraine Road and then collided with a highway sign[1], causing injury to his left leg which required amputation above the knee.[2]

On December 1, 1995, Werner Joseph Watkins and Cynthia Watkins, individually and on behalf of their minor children ("Watkins"), filed suit against, among others, the Mississippi Transportation Commission ("MTC")[3]. The Watkins alleged that the MTC was liable to them for the injuries sustained from the above-described motorcycle accident. The Watkins alleged that the condition of the road was the result of the collective defendants' action.

On February 13, 1996, the MTC filed a Motion to Dismiss, pursuant to Rule 12, Mississippi Rules of Civil Procedure, arguing that the Watkins had failed to state a cause of action upon which relief could be granted because sovereign immunity provided the MTC an absolute defense. MTC's motion was heard on June 28, 1996, and on July 15, 1996, the circuit court entered its order granting MTC's motion, holding that sovereign immunity was an absolute defense available to MTC on December 2, 1992, the date the cause of action arose. The Watkins moved for certification of interlocutory appeal which was granted on August 1, 1996. The Watkins filed their Notice of Appeal on August 14, 1996.

## STANDARD OF REVIEW

This case comes before us on a dismissal pursuant to Miss.R.Civ.P 12(b)(6). A Miss.R.Civ.P. 12(b)(6) motion to dismiss raises an issue of law. *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990); *Lester Engineering Co., Inc. v. Richland Water and Sewer District*, 504 So. 2d 1185, 1187 (Miss. 1987). This Court reviews questions of law *de novo. Tucker*, 558 So. 2d at 872; *UHS-Qualicare, Inc. v. Gulf Coast Community Hospital*, *Inc.,* 525 So. 2d 746, 754 (Miss. 1987). Additionally,"[t]he pleaded allegations of the complaint must be taken as true . . . ." *Butler v. Bd. of Supervisors for Hinds County*, 659 So. 2d 578, 581 (Miss. 1995) (quoting *Overstreet v. Merlos*, 570 So. 2d 1196, 1197 (Miss. 1990)). Under *de novo* review, we affirm only if the plaintiff can show, beyond doubt, no set of facts in support of his claim which would entitle him to relief. *Robinson v. Stewart*, 655 So. 2d 866, 867 (Miss. 1995); *Tucker*, 558 So. 2d at 872.[4]

## DISCUSSION OF THE LAW

The Watkins make two assertions in the instant case. First, the Watkins argue that sovereign immunity does not apply to the facts of this case because the MTC's negligence or fault in the maintenance and repair of a roadway is a proprietary function, which waives sovereign immunity. Second, the Watkins assert that, even if sovereign immunity does apply in the case *sub judice*, this

Court should abrogate the doctrine because "the application of this doctrine has been uniformly diminished by this Court [which is] consistent with the nation-wide trend to promote responsibility in government by eliminating the doctrine of sovereign immunity."

The Watkins' cause of action accrued on December 2, 1992, after the date of the passage and effective date of the Special Session Amendments on September 16, 1992. Therefore, as conceded by the Watkins, their claim is governed by the Special Session Amendments. The 1992 Special Session Amendments stated, in relevant part, that:

> from and after passage of House Bill No. 2, 1992 First Extraordinary Session, the "state" and its "political subdivisions," as such terms are defined in Section 11-46-1, shall not be liable and shall be immune from suit at law or at equity on account of any wrongful or tortious act or omission, including but not limited to libel, slander or defamation, by the state or its political subdivisions, or any such act or omission by any employee of the state or its political subdivisions, notwithstanding that any such act or omission constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act or omission may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.

> (2) The immunity granted under subsection (1) of this section shall not be applicable to an incorporated municipality for any wrongful or tortious act or omission by such municipality or any employee of such municipality that arises out of the exercise or failure to exercise any duty, obligation or function of a proprietary nature.

Act of Sept. 16, 1992, ch. 3, §§ 1-2, 1993 Miss. Laws (1992 Extraordinary Session 4). "State" is defined as:

> the State of Mississippi and any office, department, agency, division, bureau, commission, board, institution, hospital, college, university, airport authority or other instrumentality thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Miss. Code Ann. § 11-46-1 (g) (Supp. 1992).

The definition of "State," *supra*, clearly encompasses the MTC. The MTC is not a municipality. Therefore, pursuant to the Special Session Amendments, the proprietary/governmental analysis does not apply in the instant case. The MTC is covered by the umbrella of sovereign immunity and the Watkins' claim is barred. Based upon the standard of review, there is no set of facts, when taken as true, upon which the Watkins could recover.

The Watkins' contention that this Court should abrogate the doctrine of sovereign immunity is likewise unpersuasive. The Watkins fail to comprehend that sovereign immunity in Mississippi is now controlled by statute. As this Court reasoned:

> [t]here are many sound reasons why an immunity granted the [S]tate or political subdivision should come solely from Legislative enactment. Sovereign immunity is a matter of public policy

and our Legislature determines what is in the public interest. In the granting or withholding of sovereign immunity, there are gradations, competing interests to balance, that of fairness to our citizens and proper functions of state government, and which can only be accomplished by statutory law.

*Presley v. Mississippi State Highway Commission*, 608 So. 2d 1288, 1291 (Miss. 1992)(citations omitted). The Watkins must address any arguments regarding abrogation of the doctrine of sovereign immunity to the legislature.

## CONCLUSION

The Watkins' claim in the instant case is governed by the Special Session amendments. As such, the MDT is considered the "State" and is not subject to the proprietary/governmental function analysis applicable to municipalities. Therefore, the MDT is covered by the umbrella of sovereign immunity and the Watkins' claim is barred. The Watkins' argument that this Court should abolish the doctrine of sovereign immunity is likewise unavailing. We affirm the circuit court's grant of the MDT's motion for dismissal.

**AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. In Werner's brief, he states that he collided with a telephone pole.

2. The statement of the foregoing facts is taken from the Watkins' complaint. As this appeal is taken from the grant of a motion for dismissal pursuant to Miss.R.Civ.P 12 for failure to state a claim upon which relief could be granted, all allegations of the complaint must be taken as true. *Butler v. Bd. of Supervisors for Hinds County*, 659 So. 2d 578, 581 (Miss. 1995).

3. The Harrison County Board of Supervisors (Road Maintenance Division), the City of Gulfport, and the Mississippi Power Company are the other defendants named in the Watkins' complaint and are not parties to this appeal.

4. MTC argues for an abuse of discretion standard of review, citing *Roebuck v. City of Aberdeen*, 671 So. 2d 49 (Miss. 1996). The discretionary standard of review employed in *Roebuck* related to a Miss.R.Civ.P. 41(a)(2) motion for dismissal and is not applicable in the instant case.