# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2019

Lyle W. Cayce
Clerk

No. 18-60581

H. KENNETH LEFOLDT, JR., in his capacity as Trustee for the Natchez
Regional Medical Center Liquidation Trust,

>　　Plaintiff - Appellant

v.

HORNE, L.L.P.,

>　　Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before HAYNES, GRAVES, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

For over a century, Mississippi has required that a public board speak and act only through its minutes. *See Bridges v. Clay Cty. Sup'rs*, 58 Miss. 817, 820 (Miss. 1881). Mississippi courts will not give legal effect to a contract with a public board unless the board's approval of the contract is reflected in its minutes. "Otherwise, an individual member of the board or agent thereof would be capable of binding the board and expending the public taxpayers' money without the benefit of the consent of the board as a whole." *Butler v. Bd. of Sup'rs for Hinds Cty.*, 659 So.2d 578, 579 (Miss. 1995). The public interest protected by the minutes rule is "paramount to other individual rights

which may also be involved," *id.*, and Mississippi courts "strict[ly] adhere[]" to the rule even when "the rule may work an apparent injustice." *Id.* at 581–82 (quoting *Colle Towing Co., Inc. v. Harrison Cty.*, 57 So.2d 171, 172 (Miss. 1952)).

In this case, a private accounting firm, Horne, L.L.P., asks us to enforce the minutes rule against the Natchez Regional Medical Center, a community hospital owned by the Adams County Board of Supervisors. The Medical Center (through its bankruptcy trustee, H. Kenneth Lefoldt) brought this suit against Horne alleging accounting malpractice. Horne claims the suit must fail because there can be no accounting malpractice claim without proof of a professional relationship, and there is no record evidence on the minutes here that the Medical Center ever entered into a professional relationship with Horne.

We agree with Horne, as did the district court. Accordingly, we affirm.

I.

From 2009 to 2014, Horne served as the Medical Center's auditor. Horne's services were provided pursuant to a series of engagement letters with the Medical Center. Each of those engagement letters contained an arbitration clause. The letters were executed by Charles Mock, the Medical Center's chief financial officer. But none of them were ever incorporated into the Medical Center's board minutes.

In 2014, the Medical Center filed for bankruptcy. The United States Bankruptcy Court for the Southern District of Mississippi established a liquidation trust and appointed H. Kenneth Lefoldt as its trustee. Acting in this capacity, Lefoldt filed the underlying action against Horne, contending that Horne was guilty of professional malpractice when it failed to detect significant flaws in the Medical Center's financial controls. According to the

complaint, Horne's supposed lapse resulted in the loss of millions of dollars in unbilled revenue that contributed to the Medical Center's descent into bankruptcy.

After the complaint was filed, Horne moved to stay the proceeding so that the parties could start the arbitration process as stipulated in the engagement letters. The district court denied the motion. The Medical Center successfully argued that, as a public body, it could speak and act only through the minutes of its board of trustees, and that the arbitration agreement was never approved in the board's minutes.

On appeal, we affirmed on this point. We noted that, out of all the minutes entered into the record, the board only referenced its contractual relationship with Horne three times. *Lefoldt v. Horne, L.L.P.*, 853 F.3d 804, 808–09 (5th Cir. 2017). And each of those occasions referred only to a one-year contract signed in 2009. No mention was made of two subsequent agreements executed in 2010 and 2012. Accordingly, we held that the 2010 and 2012 engagement letters failed as a matter of law. *Id.* at 813–14.

On remand, Horne moved for summary judgment on all claims stemming from the 2010–2013 audits, using the same argument that the Medical Center successfully invoked to void the arbitration agreement—that the agreement failed under the minutes rule. As Horne explained, the Medical Center must prove the existence of a professional relationship in order to prevail on its malpractice claim. Horne argued that, by voiding the 2010 and 2012 engagement letters under the minutes rule, the Medical Center invalidated the basis for that relationship. The district court granted summary judgment to Horne.

In response, the Medical Center attempted to submit additional evidence into the record to prove the existence of a professional relationship with

No. 18-60581

Horne—namely, minutes from the board's regular session meetings on January 19, 2011 and March 16, 2011, as well as minutes from the board's executive session meetings. Based on this new evidence, the Medical Center asked the district court to reconsider its grant of summary judgment.

The Medical Center admitted, however, that this evidence was in fact not new at all—the Center had access to its own minutes throughout the proceedings. It nevertheless sought to excuse its tardiness on the ground that the minutes became relevant only when the district court granted summary judgment to Horne. The district court rejected this explanation and denied the motion. This appeal followed.

## II.

Mississippi law requires that a plaintiff in an accounting malpractice case prove by a preponderance of the evidence the existence of a professional relationship. *Great S. Excavators, Inc. v. TEC Partners, LLP*, 231 So.3d 1011, 1014 (Miss. Ct. App. 2017). A plaintiff may satisfy this burden in one of two ways. It may demonstrate that the parties entered into a contract. Or it may show that the parties were in privity with one another, such that the accountant assumed a duty to handle the plaintiff's delineated interests with professional competency and care. *Wirtz v. Switzer*, 586 So.2d 775, 779 (Miss. 1991) (quoting 1 AM. JUR. 2D *Accountants* § 15 (1962)), *abrogated on other grounds by Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So.2d 1100 (Miss. 2007).

This court has already determined that, by virtue of the minutes rule, the Medical Center never formed a contract with Horne to perform the four audits conducted from 2010 to 2013. *Lefoldt*, 853 F.3d at 813–14. So for the Medical Center to survive summary judgment, it must show that it was in privity with Horne. *See, e.g.*, *Edmonds v. Williamson*, 13 So.3d 1283, 1290

(Miss. 2009) (recognizing a professional relationship even though client never signed an agreement); *Singleton v. Stegall*, 580 So.2d 1242, 1244 (Miss. 1991) (recognizing a professional relationship after the client paid the lawyer's fee). The Medical Center must prove that it manifested its intent to engage Horne's services and that Horne either consented to provide those services or failed to manifest its lack of consent, while reasonably knowing that the Medical Center would rely on Horne to perform. *Gibson v. Williams, Williams & Montgomery, P.A.*, 186 So.3d 836, 848 (Miss. 2016).

With that goal in mind, the Medical Center draws this court's attention to the four annual audits Horne conducted from 2010 to 2013. It notes that, in previous cases, Mississippi courts have been willing to infer the continuation of a professional relationship after an initial exchange of services. *See Baker Donelson Bearman Cladwell & Berkowitz, P.C. v. Seay*, 42 So.3d 474, 485 (Miss. 2010). We have previously recognized as valid the 2009 engagement letter between Horne and the Medical Center. *Lefoldt*, 853 F.3d at 814. There is no doubt that a professional relationship formed as a result of that engagement letter. The Medical Center therefore argues that the four subsequent audits are evidence that Horne and the Medical Center intended to continue the professional relationship created by the 2009 engagement letter beyond the initial one-year contract period.

This evidence would have been sufficient to overcome summary judgment, but for the fact that the Medical Center is a community hospital run by a public board and therefore subject to Mississippi's minutes rule. *KPMG, LLP v. Singing River Health Sys.*, 2018 WL 5291088, at *5 (Miss. 2018); *see also* MISS. CODE § 41-13-35(3). But as such, the Medical Center is limited in the type of evidence that it can use to prove its intent to maintain a professional relationship with Horne. Under Mississippi's minutes rule, a public board

"speaks and acts only through its minutes." *Wellness, Inc. v. Pearl River Cty. Hosp.*, 178 So.3d 1287, 1290 (Miss. 2015). The minutes are the "sole and exclusive evidence of what the board did" in its official capacity. *Smith v. Bd. of Sup'rs of Tallahatchie Cty*, 86 So. 707, 709 (Miss. 1921).

As we have previously held, the minutes initially submitted by the Medical Center made no mention of doing any business with Horne beyond the 2009 engagement letter. *Lefoldt*, 853 F.3d at 809. So based on the record before it, the district court was right to conclude that the Medical Center failed to offer any competent evidence that it was in privity with Horne.

Accordingly, we affirm.[1]

---

[1] The district court did not abuse its discretion when it denied the Medical Center's motion to reconsider based on its belated submission of additional board minutes. *See, e.g.*, *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (abuse of discretion review applies when district court refuses to consider new materials). As we have explained, the content of the board minutes has played a central role in the case ever since the Medical Center challenged the engagement letters under the minutes rule. The Medical Center has presented no legitimate excuse for its delay.